293 So.2d 909 (1974)
Robert R. MURPHY, Defendant-in-rule Appellee,
v.
Lonna C. MURPHY, Plaintiff-in-rule Appellant.
No. 12303.
Court of Appeal of Louisiana, Second Circuit.
April 23, 1974.
*910 Parkerson & Guerriero, by Joseph D. Guerriero, Monroe, for appellant.
Jones, Blackwell, Chambliss, Hobbs & Henry, by Sam O. Henry, III, West Monroe, for appellee.
Before BOLIN, PRICE and WILLIAMS, JJ.
PRICE, Judge.
In this proceeding Lonna C. Murphy seeks to obtain the custody of two young children born of her marriage to defendant, Robert R. Murphy, who was awarded the permanent custody of the children in a judgment of separation.
From the judgment of the trial court rejecting her demands, plaintiff has perfected this appeal. We affirm the judgment of the trial court for the reasons advanced hereafter.
Although we are reluctant to discuss indiscretions in the private affairs of litigants in an appellate opinion, in this proceeding it is necessary for an understanding of the issues involved that we give a resume of the circumstances and events precipitating this litigation.
The following excerpts from the trial judge's reasons for judgment set forth concisely and accurately the sequence of pertinent events and the circumstances of the opposing parties in regard to their suitability in caring for the children as shown by the evidence adduced on trial.
"The defendant in this rule, Robert R. Murphy, obtained a legal separation from his wife, plaintiff in rule, on March 13, 1973.
"The grounds for the separation were that the wife had an indiscreet relationship with one Ricky Darnell of such compelling nature that she left her husband and two minor children (ages 5 and 2) taking with her most of the family cash, and refused to return. The husband was granted custody of the children.
"In this matter, the former Mrs. Murphy seeks custody of the children.
"The evidence showed that at the time Mrs. Murphy abandoned her family, the said Ricky Darnell abandoned his wife and children.
"After living together for awhile in Caddo Parish, Mrs. Murphy and Mr. Darnell obtained divorces in Arkansas..... They then returned to Ouachita Parish where they got married and are now living together, Mr. Darnell's children being in the custody of his former wife.
"At the time of her original departure, Mrs. Murphy left a note to her husband which said in part:
`Take care of the kids. I know you can do a better job than I because you love them and always put them first.'
*911 "There was testimony in this rule, however, that she had always been a good and kind mother and had taken excellent care of the children, the inference being that if granted the custody now, she could and would resume being a good mother. There was also testimony that she had kept in touch with the children at intervals and Mr. Murphy had allowed her visitation rights.
"The evidence revealed that Mr. Murphy has taken excellent care of the children. Although he, of course, works at a gainful occupation, he employs ladies to take care of the children while he is away from home. The children are clean and well-fed. The older one goes to school. All go to church and apparently are normal, happy children.
"The plaintiff in this rule was content to leave the children with her former husband until she heard that the school age child was not doing satisfactory work and had boarded the wrong school bus one day.
"The school teacher testified that as soon as this was brought to the attention of Mr. Murphy, the child's work became satisfactory.
"Both plaintiff in rule and her new husband are employed and are living in a one bedroom abode. (If she is awarded custody of the children, a new house or apartment must be obtained).
"Plaintiff in rule makes $350 per month and her new husband makes $376, of which $200 must be paid to his first wife and children.
"Mr. Murphy's take home is about the same.
"The Court feels that the two domiciles are about equal in finances. One will be new to the children while their present home is where they have always lived. With both parents working, the daytime supervision in each home will be relegated to others."
The trial judge correctly recognized the general rule that custody of children of tender years should be awarded to the mother unless it would be to the greater advantage of the children for them to be entrusted to the care of the father. He concluded under the circumstances of this case the welfare of the children would best be served by leaving them with the father. The court considered it unwise to remove the children from the family home where they had lived since birth and to place them in unfamiliar surroundings and a new way of life.
The court also found the mother's willingness to abandon her children and stable home in gratification of her personal desires indicates she should be allowed a longer period of time to show she has properly established a new life before asking for custody of the children.
On this appeal plaintiff acknowledges a wide discretion is accorded to the trial judge in awarding custody of children under the jurisprudence. In an attempt to show manifest error she relies primarily on the premise it is to the best interest of these young children to be cared for by the natural mother and urges the application of the so-called "maternal preference rule."
We are of the opinion the trial judge has given careful study and evaluation of the advantages or disadvantages accruing to the children if removed from their present circumstances and placed with the plaintiff and has committed no manifest error in rejecting her request for custody at this time.
The evidence shows they have gradually adjusted to the breakup of the tranquillity of the family unit by the sudden departure of their mother and have received adequate care and guidance from their father who has shown total dedication for the welfare of his children. To remove these children from his care under the circumstances presented would be against their best interest.
*912 The "maternal preference rule" is only one of the factors to consider in determining what is best for the welfare of the children and is not controlling when there are other factors present which indicate it is to the best advantage of the children to award their custody otherwise.
The judgment appealed from is affirmed at appellant's costs.