PRICE, Judge.
This is an appeal from the trial court judgment rejecting the demands of the mother for custody of her five-year old child and awarding permanent custody to the father.
Dianne Lee Rainey Pipes, the mother of the minor child, Denise Lynn Pipes, brought this action against her former husband, David Lee Pipes, his brother, Marvin C. Pipes, and Linda C. Pipes, seeking to regain custody of the child. She also seeks a monthly support award against David Pipes for the maintenance of the child.
The events leading up to this proceeding are as follows:
On June 7, 1971, the father, David Pipes, obtained a judgment of separation from plaintiff on grounds of abandonment. At the request of the father the court awarded custody of their minor child to the mother, Dianne Pipes. On September 17, 1971, by joint request of the parties, a judgment was signed modifying the previous judgment to award the custody to the brother and sister-in-law of the father, Mr. and Mrs. Marvin C. Pipes (Linda Pipes).
On September 28, 1972, David Pipes obtained a final divorce from plaintiff, and in the decree the custody was maintained in Marvin and Linda Pipes.
*926 Plaintiff contends she was in a mental and economic strain in September of 1971, at which time she asked Marvin and Linda Pipes to take the child and joined in a petition to have the custody judgment modified to give them temporary legal custody. She further contends she has overcome her past problems and is now able to care for the child and should be awarded her custody.
The defendants filed answers showing the child was in the physical possession of the father who had remarried and the child could be better cared for in the father’s home than with plaintiff.
Defendants ask for modification of the September, 1971 judgment to give legal custody to the father, and, alternatively, to continue the custody in Marvin and Linda Pipes.
The trial judge in very comprehensive reasons for judgment found it to be in the best interest of the child to award her custody to the father, David Pipes, and rendered judgment accordingly, reserving unto plaintiff reasonable rights of visitation.
We affirm the judgment for the reasons given hereafter. We do not deem it necessary for the purpose of this opinion to reiterate the evidence adduced depicting the underlying reasons for plaintiff’s inability to maintain a suitable home and moral environment for the child immediately after being separated from David Pipes in June, 1971, which led up to her request for Mr. and Mrs. Marvin Pipes assuming custody of the child.
It is sufficient to observe plaintiff admits her mode of living and moral standards were such at that time she could not properly care for the child. She seeks to show her circumstances have now changed and are conducive to her giving the child adequate care and a proper environment. Plaintiff contends the law of this state gives preference to the mother for custody of children of tender years, and she should be accorded this right under the circumstances of this case.
Plaintiff seeks to analogize her circumstances to those involved in the cases of Estes v. Estes, 261 La. 20, 258 So.2d 857, and Penton v. Penton, 260 So.2d 5 (La.App. 1st Cir. 1972), in her attempt to show the trial court committed manifest error in rejecting her demands for custody.
In Estes the Supreme Court annulled the court of appeal judgment which reversed the trial judge’s decision returning a child of tender years to the mother although the child had been with the father for several years under a consent judgment decree. The opinion suggests no unfitness on the part of either party ever existed and the mother consented to the temporary custody for economic reasons alone.
Penton has substantially similar facts to Estes and merely holds the mother is not required to fulfill the so-called “double burden” to regain custody where she has consented to a temporary award to the father and no studied determination has been made by the trial court of which parent should have permanent custody.
The facts of this case are far from analogous to either of the cases relied on by plaintiff. Here the trial court was not confronted with evidence showing both parents equally qualified to offer proper care and guidance for the child.
The trial judge did not find the evidence to support plaintiff’s contention that her economic and moral standards had changed sufficiently to show with any degree of certainty that she could adequately care for the child. To the contrary, he found the father had been in physical custody of the child for over 20 months and had provided proper care for the child. The father had remarried and the evidence shows his *927 present wife is a person of good character and has willingly and capably attended to the schooling, spiritual and other needs of the child.
The trial judge concluded in view of these circumstances it would be the best welfare of the child to leave her in the father’s physical custody and to award him the permanent legal custody of the child.
The Supreme Court has emphasized the wide discretion to be accorded the trial judge in awarding custody in the recent case of Fulco v. Fulco, 259 La. 1122, 254 So.2d 603, and again reiterated this rule in the Estes decision. No manifest error has been shown on the part of the trial court by appellant. 'Therefore, the judgment appealed from is affirmed at appellant’s costs.