307 So.2d 674 (1975)
Curtis WILSON, Plaintiff-Appellant,
v.
Faye Elaine WILSON, Defendant-Appellee.
No. 12498.
Court of Appeal of Louisiana, Second Circuit.
January 21, 1975.
Rehearing Denied February 25, 1975.
*675 McKinley, Dimos & Brown by L. L. LaCroix, Jr., Monroe, for plaintiff-appellant.
Bice & Wiley, Winnfield, for defendant-appellee.
Before AYRES, PRICE and HALL, JJ.
Rehearing En Banc ,Denied, February 25, 1975.
PRICE, Judge.
This is an appeal by the father of three minor children from the judgment of the trial court awarding custody of the children to the maternal grandparents.
The issue presented is whether the trial court has abused its discretion in refusing to award custody to the natural parent solely on the conclusion it would be to the best welfare of the children not to remove them from the home of the grandparents where they have lived for most of the time since their birth.
The children involved are James Tracy Wilson, born July 9, 1966; Deanna Faye Wilson, born September 18, 1968, and Christopher Michael Wilson, born August 23, 1971.
The mother of the children, Faye Elaine Wilson, daughter of defendants, Mr. and Mrs. J. A. Wilson, was found to be unfit to have custody of the children in the proceeding awarding Curtis Wilson a divorce on grounds of adultery, on October 5, 1973.
At the time of the divorce proceeding temporary custody was maintained in the grandparents who had enjoyed physical possession of the children for most of their lives. In this action brought against the maternal grandparents, Mr. and Mrs. J. A. Wilson, Curtis Wilson asks that custody of the children be awarded to him. Plaintiff contends that as he is the natural parent he has paramount right to custody of the children, and that the trial judge erred in rejecting his demands as the evidence shows he is not an unfit person nor are unusual circumstances present from which it could be concluded it would be to the welfare of the children to grant their custody to the grandparents.
Defendants contend it is in the best interest of the welfare of the children to maintain them in their custody as they have kept and supported the children most of the time since their birth and reciprocal bonds of love and attachment have formed which would be upsetting to the children to disturb.
The factual background of this litigation as we understand it from the record is as follows:
During most of the period of time Curtis and Faye Wilson lived together they resided with or next door to her parents, defendants herein. A substantial amount of the care of these children was furnished by the grandparents during this period of time. After the separation of Curtis and Faye Wilson in November, 1972, the children were placed entirely in the care and custody of the grandparents by their mother where they have continued to reside since that time. Curtis Wilson has not contributed to the support of the children since Faye Wilson left him, and her parents assumed their complete physical custody.
Plaintiff testified that during the period he was married to defendants' daughter, he acquiesced in the children being kept by their grandparents so the children would be given adequate care. He seeks to justify *676 his failure to furnish financial support to the grandparents for the children after his separation from the mother by claiming he was not allowed to see or visit with his children after the separation.
There is no evidence of moral unfitness on the part of the father. The record shows he has since remarried and his present wife, who has one child by a former marriage, does not work and wants to care for the children of plaintiff in their home.
While we can readily understand the attachment which has built up between these children and their maternal grandparents over the several years the children have stayed in their home, we find the facts and circumstances presented here to fall within the purview of the Supreme Court decision in Wood v. Beard, 290 So.2d 675 (La. 1974), and we are of the opinion the trial judge abused his discretion in not awarding the custody to the father.
In the above mentioned case the Supreme Court summarized the parental preference rule as follows:
"When the parent competes with nonparents of the child, the parent's right to custody is superior, unless the parent is unable or unfit, having forfeited parental rights. State ex rel. Martin v. Garza, 217 La. 532, 46 So.2d 760 (1950); State ex rel. Simpson v. Salter, 211 La. 918, 31 So.2d 163 (1947); State ex rel. Martin v. Talbot, 161 La. 192, 108 So. 411 (1926); Ex parte Lincoln, 128 La. 278, 54 So. 818 (1911). See also State ex rel. Lombardo v. Miller, 232 La. 617, 94 So.2d 888 (1957). No such forfeiture has been found by either court below, and the evidence will not support such a finding. Nor will the evidence support a conclusion that custody in the parent will be inimical to the welfare of the child."
There is no showing of any intent on the part of plaintiff to have abandoned the children to the grandparents. Although he was wrong in not furnishing financial support during the period from November of 1972 through the date of trial, we do not consider this factor standing alone to be sufficient to deprive him of his natural right to custody of his children.
We do not find it appropriate to discuss the advantages or disadvantages of the two respective homes under consideration as such a comparison is prohibited under the Wood v. Beard rule, in the absence of unfitness or some unusual circumstances which would show it to be best for the welfare of the children to not give them to the parent.
For the foregoing reasons the judgment appealed from is reversed and it is hereby ordered that there be judgment in favor of Curtis Wilson granting him custody of the minor children, James Tracy Wilson, Deanna Faye Wilson and Christopher Michael Wilson. Costs of this proceeding, including this appeal, are assessed against appellees.