307 So.2d 737 (1975)
Paul E. WELCH, Jr., Defendant-Appellee,
v.
Katherine Ann Fuller WELCH, Plaintiff-Appellant.
No. 12500.
Court of Appeal of Louisiana, Second Circuit.
January 21, 1975.
Rehearing Denied February 25, 1975.
*738 John M. Brown, Shreveport, for plaintiff-appellant.
Love, Rigby, Dehan & Love by Truly W. McDaniel, Shreveport, for defendantappellee.
Before BOLIN, PRICE and DENNIS, JJ.
Rehearing En Banc ,Denied, February 25, 1975.
DENNIS, Judge.
This is a child custody proceeding.
Plaintiff and defendant were married in July, 1970. Their only child, Dennis Paul Welch, was born June 10, 1971. When the parties ceased living together on August 1, 1972, the mother acquiesced in the father having physical custody of the child because she was in ill health and without financial resources. The parents were judicially separated by a default judgment confirmed February 15, 1973, which granted custody of the child to the father. The mother testified she consented to the custody award and judgment by default because she was unable to employ an attorney.
In the present proceeding, the plaintiff, Katherine Ann Fuller Welch, was granted a judgment of divorce, but her suit for custody of the child was rejected, and the defendant, Paul E. Welch, Jr., was awarded custody subject to her right of reasonable visitation. The trial judge in his oral reasons for judgment found the mother was morally fit and suited to have custody, but the child's greater advantage would be served by allowing him to remain in custody of the father. The mother has appealed, contending that the trial judge reached an incorrect result because he refused to follow the maternal preference rule.
The case hinges on a proper application of three jurisprudential rules: (1) The paramount consideration in determining to whom custody should be granted is always the welfare of the children. Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971) (citing authorities); (2) Upon appellate review, the determination of the trial judge in child custody matters is entitled to great weight. He is in a better position to evaluate the best interests of the children from his total overview of the conduct and character of the parties and the children, and of community standards. His discretion on the issue will not be disturbed on review in the absence of a clear showing of abuse thereof. Fulco v. Fulco, supra (citing authorities); and (3) the maternal perference rule, upon which appellant primarily relies here.
The maternal preference rule has been stated in various ways: "The general rule is that it is in the best interest of the children of the marriage to grant custody to the mother, especially when they are of tender years. Such paramount right of the mother to custody should not be denied unless she is morally unfit or otherwise unsuitable, and it is only in exceptional cases that the better interest of the children is served by changing their custody from the mother to the father." Fulco v. Fulco, supra; "A mother is entitled to the custody of her child unless it be shown that she is morally unfit or that it would be a greater advantage to award its custody to its father." Guillory v. Guillory, 221 La. 374, 59 So.2d 424 (1952); "[T]he courts have consistently held that the right of the mother to the custody of the minor child is paramount to that of the father, unless, in his discretion, the trial judge concludes it is for the greater advantage of the child that it be entrusted to the care of the father, which conclusion is, of course, subject *739 to review by us." White v. Broussard, 206 La. 25, 18 So.2d 641 (1944); "The age and sex of the child are important considerations, and the preference is always given to the mother who is not shown to be unsuitable therefor in awarding custody of children, especially girls." Black v. Black, 205 La. 861, 18 So.2d 321 (1944); "[C]ustody of children of tender years should be awarded to the mother unless it would be to the greater advantage of the children for them to be entrusted to the care of the father. * * * [But] [t]he `maternal preference rule' is only one of the factors to consider in determining what is best for the welfare of the children and is not controlling when there are other factors present which indicate it is to the best advantage of the children to award their custody otherwise." Murphy v. Murphy, 293 So.2d 909 (La.App., 2nd Cir. 1974).
However, in actual operation, the maternal preference rule, instead of providing a complete guide for a decision of the custody issue, appears only to establish a presumption that the interest of a child will be better served by placing him in custody of the mother. Furthermore, the presumption appears to be a rebuttable one which must yield to convincing evidence that the greater advantage of the child will be served by entrusting his care to the father.
Compare Barham, J., dissenting, Estes v. Estes, 261 La. 20, 258 So.2d 857, 860 (1972); Comment, 34 La.L.Rev. 881 (1974).
In the present case, the child has lived with his father since August 1, 1972. The child was barely over one year old when his parents separated. His father has changed his diapers, prepared his meals, fed him and dressed him. Mr. Welch has nursed his son when he was sick, and this has entailed sitting up with the child at night and taking time off from his job whenever necessary. They have developed a close relationship, and the father seems to spend most of his free time with the boy. He frequently has taken him fishing, to the Zoo and to ball games. They attend church together every Sunday. Mr. Welch and his son live in a two bedroom brick house a short distance from Shreveport, where he is employed as a dental technician. During the day while he is at work his son is kept by a lady in the neighborhood, who is married and has small children of her own. By all accounts, Mr. Welch has been an excellent parent and the child has adjusted well to his environment.
On the other hand, commencing shortly after the separation in fact, the father has allowed the child to spend almost every weekend, from Thursday evening until Sunday morning, with his mother. She lives with her mother and father, and if she were given custody the child would have to share a room with his mother in the residence until more suitable quarters were found. Mrs. Welch is employed full time as a cafeteria worker, and she plans to have the child stay in a day care center while she is at work. There is nothing in the record which would discredit her as a suitable parent. But, aside from the fact that she is the child's mother and loves him, which we do not consider lightly, there is little positive evidence to recommend her for custody of the child.
Under the circumstances, we find there is sufficient evidence to support the trial judge's determination that the maternal preference presumption has been overcome and that there is convincing evidence that the interests of the child will be better served by leaving him in the custody of his father. Accordingly, the judgment of the district court is affirmed, and the cost of the appeal is assessed to the appellant.
Affirmed.