DENNIS, Judge.
This is a rule to show cause why permanent custody of a child should not be *33 awarded to his mother. The father of the child, Hal Roy Bryan, obtained a divorce from the plaintiff in rule, Marcia Holt Bryan, on September 26, 1973, on the grounds of her adultery. On the same date, by agreement of the parties, a judgment was rendered granting temporary custody of their 4 year old son to the maternal grandmother for five months and then to the paternal grandparents for five months. After the lapse of both periods of temporary custody, Mrs. Bryan brought this proceeding for permanent custody. Although Mr. Bryan did not file a written answer or reconventional demand for custody, he orally opposed his former wife’s right to permanent custody. The trial judge, after a hearing, without assigning written or oral reasons, rendered judgment awarding custody to the mother. We affirm.
Marcia Holt Bryan lived with her mother four of the five months during which the child was in the maternal grandmother’s custody. During the period in which he lived with his paternal grandparents she had him with her for visits every other weekend. On their visits she took him to such places as a fish hatchery, the movies, an art center, restaurants, playgrounds, and church on Sundays. According to the testimony of her mother and a friend, Mrs. Bryan took good care of the child when he was with her. She was employed by Western Electric and worked until 3:30 P.M. each work day. She proposed to have her mother care for the child after school for about one hour until she got off work.
Mrs. Bryan admitted that she had been dating a man of a different race. She had visited him at his apartment, but there was no evidence showing that he had ever been to her home. On two occasions she and her companion had taken the child to the movies and to the park. However, there was no evidence that the child had been present when Mrs. Bryan and her friend were together at any other time or place.
At the time of the hearing on September 27, 1974 the child was living with his paternal grandparents in Vivian, Louisiana. Hal Roy Bryan lived in Shreveport and worked for Red Ball Motor Freight. He was working the 11:00 P.M. to 7:30 A.M. shift, but he testified he did not always work the same shift. Nevertheless, he admitted that his son would have to stay with a neighbor or with the paternal grandparents until he got married, which he stated he hoped to do sometime before Christmas. He testified that he wanted the paternal grandparents to retain temporary custody until he remarried. Although he did not ask for custody by written pleadings, in his brief on appeal he asked that custody be awarded to him, or, in the alternative, to the paternal grandparents.
We will first consider the defendant-in-rule’s contention that we should reject the mother’s demands and leave the child in the temporary custody of the paternal grandparents. The law governing this issue is well settled and has been recently reaffirmed. When the parent competes with nonparents of the child, the parent’s right to custody is superior, unless the parent is unable or unfit, having forfeited parental rights. Wood v. Beard, 290 So.2d 675 (La.Sup.Ct.1974) (citing numerous authorities) ; Wilson v. Wilson, 307 So.2d 674 (La.App.,2d Cir. 1975). The evidence in the instant case fails to show that the mother is unfit for custody of a child, unable to care for the child, or that she has abandoned custody to the grandparents. Therefore, we conclude the paternal grandparents are not entitled to continue as custodians of the child.
Next we will consider the father’s claim to custody. Since this is the original determination of permanent custody the maternal preference rule or presumption is applicable. It has been stated and restated on numerous occasions. See Nethkin v. Nethkin, 307 So.2d 563 (La.Sup.Ct.1975); See Comment, The Father’s Right To Child Custody In Interparental Disputes, 49 Tul.L.Rev. 189 (1974); Comment, Child Custody: Preference To The *34 Mother, 34 La.L.Rev. 881 (1974). After reviewing many of the authorities discussing the maternal preference rule in Welch v. Welch, 307 So.2d 737 (La.App., 2d Cir. 1975), we recently concluded:
“However, in actual, operation, the maternal preference rule, instead of providing a complete guide for a decision of the custody issue, appears only to establish a presumption that the interest of a child will be better served by placing him in custody of the mother. Furthermore, the presumption appears to be a rebuttable one which must yield to convincing evidence that the greater advantage of the child will be served by entrusting his care to the father.” Id. at 739.
In reviewing the evidence we find that it fails to rebut the presumption that the interest of the child will be better served by granting custody to the mother. The record leads us to the conclusion that the father has relied almost entirely on the paternal grandmother to care for the child during her custody and his visits, whereas the mother presented somewhat detailed evidence indicating that she has properly and consistently cared for the child whenever he was available to her. The father’s work schedule and lack of a definite plan for the care of the child during his absence would not appear to be conducive to the child’s welfare. We cannot conclude from the sketchy evidence presented that the mother’s relationship with the man of a different race warrants denying her custody of her child.
Upon appellate review, the determination of the trial judge in child custody matters is entitled to great weight. He is in a better position to evaluate the best interests of the children from his total overview of the conduct and character of the parties and the children. His discretion on the issue will not be disturbed on •eview in the absence of a clear showing =f abuse thereof. Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971).
We cannot say the trial judge abused his discretion in granting custody to the mother because the record in the case supports his determination that the father failed to present convincing evidence sufficient to overcome the presumption in her favor. Accordingly, the judgment of the district court is affirmed at the cost of the appellant.
Affirmed.
AYRES, J., dissents.