322 So.2d 314 (1975)
Darlene Parker BRACKMAN, Plaintiff-Appellant,
v.
Melvin Henry BRACKMAN, Defendant-Appellee.
No. 12722.
Court of Appeal of Louisiana, Second Circuit.
November 6, 1975.
*315 Edmund M. Thomas, Shreveport, for plaintiff-appellant.
Wilson & Veatch by Thomas A. Wilson, Shreveport, for defendant-appellee.
Before PRICE, HALL and BURGESS, JJ.
PRICE, Judge.
This is an appeal by the mother of two minor children from an adverse judgment awarding custody of the children to the father.
Melvin Henry Brackman was awarded a divorce from Darlene Parker Brackman on June 7, 1972, and in this proceeding by consent of the parties the custody of the children of the marriage, Mark Lloyd and Julie Renee, was granted to the paternal grandmother, Mrs. Pearl Brackman. On December 4, 1972, Melvin Brackman brought this proceeding seeking to have the judgment modified to award him the custody of the children.
Darlene Brackman by reconventional demand to the proceeding initiated by Melvin Brackman, and in a rule nisi against Melvin Brackman and the grandmother, Pearl Brackman, alleges she is presently a fit person to care for her children and asks their custody be awarded to her.
Trial of the opposing demands was begun in June, 1974, and finally concluded on October 29, 1974. Melvin Brackman sought to show his former wife was morally unfit to have custody of the children because of her addiction to alcohol and drugs and of her sexual promiscuity.
Darlene Brackman, although freely admitting a sordid past history of alcoholism, drug addiction and sexual misbehavior which lasted over a several-year span of her life beginning when she was 16 years old, now contends she has been rehabilitated and is capable of caring for her children and should be given their custody under the maternal preference rule.
The trial judge restricted the evidence as to the fitness of the opposing parties to *316 matters taking place after the consent decree rendered on June 7, 1972.
It should be noted, since the prior judgment was by consent and no studied determination was made by the trial judge at that time, that neither the father nor mother are subject to the so-called "double burden" rule, nor is there any real issue made that it would be to the best interest of the children for the custody to remain with the paternal grandmother. In fact, the evidence shows that shortly after Pearl Brackman was granted their temporary custody pursuant to a consent judgment after the divorce decree in June, 1972, she allowed her son, Melvin Brackman, to take physical possession and control of the children which he has had through the present time.
Upon receiving the children from his mother, Melvin Brackman arranged for them to stay in the home of Fay Whitman in Shreveport. Brackman married Fay Whitman on October 13, 1972, and they established a home at Princeton in Bossier Parish. The Brackman children continue to reside in the residence along with two children of Fay Whitman Brackman by her previous marriage.
Shortly after the June 1972 divorce and custody proceeding Darlene Brackman moved from Shreveport to Houston, Texas. In September, 1972, she enrolled in a Texas Vocational Rehabilitation Program and in connection therewith received psychological evaluation and treatment from a psychologist, Dr. Samuel Toombs, of Houston. The deposition of Dr. Toombs was introduced in lieu of his testimony by Darlene Brackman. Dr. Toombs testified that Darlene Brackman related to him on her first visit that she had previously had a very severe drinking problem and had used drugs. She also advised him she had not used alcohol or drugs since January, 1972. She was at that time, however, having hallucinations and was diagnosed by Dr. Toombs as having "a behavioral distortion characterized by high anxiety, low effective relations to others, and intense conflict." He found her to have sufficient disability in functioning to be eligible for vocational rehabilitation. Dr. Toombs attributed the cause of her condition to prior alcoholism coupled with use of drugs. He did not find her to be schizophrenic or that she had any basic mental defect, neurosis or psychosis. In his opinion she was not using alcohol or drugs at the time he first saw her, nor during the period of sixteen months that he treated her after September, 1972. He was further of the opinion that at the conclusion of her period of therapy she was fully capable of taking care of her children and functioning as a normal parent.
During the period between July, 1972, and January, 1974, while living in Houston, Darlene Brackman made periodic visits back to Shreveport to visit the children and on one occasion during the summer of 1973, took the children to Houston for a visit of approximately ten days. After moving back to Shreveport in January of 1974, she obtained employment with a contractor doing painting and reconditioning work for the Federal Housing Administration on repossessed property. She resides in a two bedroom apartment in an apartment complex on Linwood owned by the LSU Medical School.
Darlene Brackman testified she is an active member of Alcoholics Anonymous and has not used alcohol or drugs since January, 1972. In corroboration of her testimony two members of the local AA unit of which she is a member testified that they were of the opinion she had not used alcohol during the time they were acquainted with her. She was forthright in her testimony concerning her sexual behavior since her divorce in June, 1972. She admitted living with a man in Houston for a period of approximately three months, with the intention of marrying him. He was also a member of AA and their relationship terminated when this individual began drinking again.
*317 She further testified she has been dating her employer in Shreveport who is an unmarried man. Under cross-examination she admitted having sexual relations with this individual but denies having done anything improper when the children have been visiting in her home, or when she has carried them to her employer's apartment. She testified she eventually intends to marry this individual after re-establishing a firm relationship with her children.
Dr. Earl W. Harris, Jr., a psychiatrist of Shreveport, testified he had evaluated Darlene Brackman and found she was an arrested alcoholic who could, in his opinion, properly assume the role of caring for her children. Under cross-examination Dr. Harris affirmed that based on a history of alcoholism and amphetamines addiction there is always a high probability of a relapse under unusual stress or strain.
On the basis of the foregoing resume of evidence the trial judge awarded the permanent custody of the children to the father, subject to reasonable rights of visitation of the mother.
On this appeal Darlene Brackman contends the trial judge's ruling is in violation of the "maternal preference rule" as declared by the Supreme Court in the case of Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971), and Nethken v. Nethken, 307 So.2d 563 (La.1975). Other than re-emphasizing the general rule "that it is in the best interest of children of the marriage to grant custody to the mother, especially when they are of tender years", we do not find the result reached in either Fulco or Nethken to materially support appellant's position. Both gave recognition to the much discretion accorded a trial judge in custody determinations and to the prevailing jurisprudential rule in any custody decision that the primary concern is what is in the best interest of the child.
Appellant argues the trial judge found her unfit solely on the basis of a continuing illicit sexual relationship which, under the circumstances shown, would not be detrimental to the children's moral welfare.
Although we acknowledge the trial judge's written reasons are somewhat restricted to this interpretation, we do not find he has reached an erroneous result based on all the evidence before him.
The underlying reason for the preference given the mother to custody of young children is to continue them in the care of the parent who, in a normal situation, has provided the degree of continuous care and affection which creates such a close bond that it would be harmful to the children to alter the relationship by granting custody to the father.
When the children have remained away from the mother for a substantial period of time and have been cared for by the father or some other person, the rationale of the maternal preference rule becomes of less importance in determining what is in the best interest of the children.
This court on three occasions has recently affirmed the trial court's award of custody of minor children to the father where it appears to be in the best interest of the children, even in the absence of a finding of moral unfitness on the part of the mother. See Murphy v. Murphy, 293 So. 2d 909 (La.App. 2nd Cir. 1974); Pipes v. Pipes, 293 So.2d 925 (La.App. 2nd Cir. 1974), and Welch v. Welch, 307 So.2d 737 (La.App. 2nd Cir. 1975). In all three of the above cited cases the children had been physically cared for by the father for a substantial period of time and the trial court found it in the best interest of the child to remain in the home of the father.
We are aware that the record shows the initial placement of the children under the control of the father was not in accord with the temporary custody award made by the court under the consent decree on June 7, 1972. We are further cognizant of the inference in the evidence that Melvin Brackman was dating Fay Whitman at the *318 time she began keeping the children for him in July, 1972. We further understand he spent considerable time at her residence at night after work. Although these circumstances may not have been ideal for the moral welfare of the children, we are impressed that these parties did marry as soon as all legal impediments were removed and have apparently established a suitable home in a rural area of Bossier Parish for the rearing of the children of their prior marriages.
There is evidence showing the physical and spiritual needs of the children are being taken care of by the father and his present wife.
We conclude that under all of the circumstances presented in this case the award of custody of the children to the father was in their best interest.
In accord with the foregoing reasons the judgment appealed from is affirmed and cost of this appeal is assessed to appellant.