JONES, Judge.
The issue here is custody of children as between parents who have lived together without benefit of marriage. Plaintiff, Brenda Jane Drake, is the natural mother of two children fathered by the defendant natural father, Ronnie Lynn Aldridge. Plaintiff appeals the rejection of her demands and the award of custody to the natural father, who sought legal custody by reconventional demand. We affirm the judgment of the lower court.
The plaintiff and defendant lived together for about four years until June, 1972, during which time these two children were born. When plaintiff and defendant parted ways, the children lived with their mother and maternal grandparents in Oklahoma until January, 1975. Defendant-father occasionally sent small sums of money to the children during this time. In August, 1974, plaintiff became disabled and remained unemployed and in financial difficulty for about ten months. In January, 1975, she brought the children to Louisiana and by written agreement “surrendered” custody to the defendant-father where they have since remained. The defendant married his present wife in August, 1974. Plaintiff married her present husband in August, 1975. In January, 1976, when defendant would not agree to return the children to her, plaintiff brought a habeas corpus proceeding.
While neither of the parties had shown a significant amount of interest in the children when they were in the possession of the other party, the trial court found that the interests of the children would best be served by leaving them with the defendant. The lower court was impressed with the defendant’s present wife, whom the court found to be the “most solid” of the four prospective parents. The natural father’s present wife was the only nonworking spouse, and was able and willing to devote full time to the care and rearing of the children. The court considered the home *1066 situation of the defendant to be stronger and more stable than that of the natural mother.
The trial court also noted that during the periods of time the children were in the physical custody of their mother, the maternal grandparents were actually providing most of the children’s care. The trial court found the main reason that the children were surrendered to the defendant by plaintiff was because of friction between plaintiff and her mother, caused by grandmother’s dissatisfaction with the existing arrangement under which the grandmother was solely responsible for the children for extended periods.
The period of voluntary separation between plaintiff and the children continued for several months after plaintiff overcame her physical and financial difficulties. Plaintiff wrote to defendant that she was satisfied with the arrangement. This correspondence continued until shortly before this suit was filed. Plaintiff’s attempt several years ago to place the children for adoption was prevented by the defendant. The evidence shows the children are properly disciplined and generally well cared for in defendant’s home. We find no abuse of discretion or error on the part of the trial court in its factual conclusions.
Appellant argues that the trial court erred in not following the “maternal preference” rule. We cannot agree. In Brackman v. Brackman, 322 So.2d 314 (La.App.2d Cir. 1975) we commented:
“The underlying reason for the preference given the mother to custody of young children is to continue them in the care of the parent who, in a normal situation, has provided the degree of continuous care and affection which creates such a close bond that it would be harmful to the children to alter the relationship by granting custody to the father.
“When the children have remained away from the mother for a substantial period of time and have been cared for by the father or some other person, the rationale of the maternal preference rule becomes of less importance in determining what is in the best interest of the children.
“The court on three occasions has recently affirmed the trial court’s award of custody of minor children to the father where it appears to be in the best interest of the children, even in the absence of a finding of moral unfitness on the part of the mother. See Murphy v. Murphy, 293 So.2d 909 (La.App.2nd Cir. 1974), and Pipes v. Pipes, 293 So.2d 925 (La.App.2nd Cir. 1974), and Welch v. Welch, 307 So.2d 737 (La.App.2nd Cir. 1975). In all three of the above cited cases the children had been physically cared for by the father for a substantial period of time and the trial court found it in the best interest of the child to remain in the home of the father.” Id. at page 317.
Upon reviewing the record, we cannot say the trial court erred in its evaluation of what will best serve the interests of these children.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant’s cost.
Affirmed.