DOUCET, Judge.
Plaintiff-Appellant, Robert Sidney, instituted this action for declaratory judgment and an accounting against the executors-trustees of the will of James Ware Gard-iner, who had died in Las Vegas, Nevada, on November 6, 1976, leaving a sizeable estate, the majority of which was located in Connecticut and Louisiana. The Will was probated in Connecticut, decedent’s domicile, and here in Louisiana in ancillary proceedings. As a legatee under the will and a beneficiary under the trust created therein, plaintiff sought an interpretation of certain provisions thereto and, if the interpretation was more favorable to him than the interpretation previously given by the trustees, he sought an accounting.
The provision in dispute is contained in Article 28, which provides in its entirety:
“TWENTY-EIGHTH: All the rest, residue and remainder of my Estate whether real, personal or mixed and wheresoever situated and whatsoever the same may be, of which I may die seized or possessed, *967 or to which I shall be in any way entitled, or over which I shall possess any power of appointment by will at the time of my demise, including any failed or lapsed legacies or bequests (hereinafter called my Residuary Estate) I give, devise and bequeath to my Trustees hereinafter named, in Trust, to hold, manage, invest, and reinvest the same, to receive and collect the income therefrom and to pay out of the income therefrom as and to the extent indicated below. This Trust shall exist until the death of the last survivor of the following:
CHARLOTTE TUCKER, BEN VAN DER HOUWEN, ROBERT SIDNEY and JOSE ALGUERO which period is hereinafter called the “Trust Term.” During the Trust Term, from the income of the Trust, my Trustees shall pay the sum of TEN THOUSAND ($10,000) DOLLARS annually to each of CHARLOTTE TUCKER, JAMES FLOWERS, BEN VAN DER HOUWEN and JOSE ALGUERO during their respective lives. During the Trust Term, my Trustees are also hereby authorized to make such payments from the income of Trust to or on behalf of LOUIS SATENSTEIN as my Trustees may in their sole and absolute discretion deem necessary or advisable. To the extent such portion of the income of the Trust may be insufficient to make the payments to CHARLOTTE TUCKER, BEN VAN DER HOUWEN, JOSE ALGUERO, JAMES FLOWERS and LOUIS SATEN-STEIN as provided for herein, the Trustees may utilize principal of this Trust to make up any difference.
a)I further direct that my Trustees shall pay one-fifth of the remaining net income of this Trust annually or more frequently, to or on behalf of ROBERT SIDNEY during his life, or not less than the sum of TWENTY-FIVE THOUSAND ($25,000) DOLLARS annually, whichever is lesser, and two-fifths to JAMES GARDINER GARRISON, my great-nephew, and two-fifths to institutions named in this Will.
b) Any income of this Trust which my Trustees have not directed to be paid prior to the close of the Trust’s year (whether calendar or fiscal) shall be added to principal.
c) It is my desire that to the extent that my Residuary Estate and the Trust created thereunder shall be comprised of certain interests known as the ‘GARDINER LANDS’ (for the purposes hereof ‘GARDINER LANDS’ shall be deemed to mean those lands and all interests affecting lands in states other than Connecticut which I inherited from my father JAMES WARE GARDINER, my mother KATHERINE BEL GARDINER HANSZEN and my stepfather HARRY C. HANSZEN) such interest shall be retained by my Executors and Trustees and not disposed of prior to the disposition of the other assets comprising my Residuary Estate and/or the corpus of the trust created hereunder.
d) Upon the expiration of the Trust Term, I give, devise and bequeath said interests in and to said Gardiner lands, as follows:
An undivided one half interest therein to and among the then living issue of my nephew DAVID L. GARRISON, JR. in equal shares per stripes and the remaining undivided one half interest to the listed charities and institutions in this Will.
e) Upon the expiration of the Trust Term, the then remaining principal of the Trust created with regard to my Residuary Estate after giving effect to the provisions of the preceding subpar-agraph (d) shall be distributed and paid out in equal shares to and among the ST. PATRICK’S HOSPITAL, Lake Charles, Louisiana, the ST. JOSEPH’S HOSPITAL, Stamford, Connecticut (with the hope that they will properly honor the memory of my late sister, Katharine) and the NORWALK HOSPITAL, Norwalk, Connecticut, and Washington and Lee University, Lexington, Virginia.
*968 (emphasis ours)
The trustees’ interpretation results in plaintiff receiving a maximum of $25,000 per year during his life. They maintain that the disputed provision contains ambiguities within and that their construction harmonizes said Article 28(a) with the remainder of the will.
Portions of the will not disputed establish the property to be included in the trust, and provide that $10,000 is to be given annually to four individuals during their respective lives, payable from the income generated by the trust, and from the principal to the extent insufficient income exists. Appel-lees contend that Article 28(a) is ambiguous inasmuch as it could be construed to provide plaintiff with either a minimum or maximum of $25,000 annually. In support thereof they note that plaintiff was excluded from the group of aforementioned individuals guaranteed a specific annual income, and that had testator intended plaintiff be guaranteed a minimum of $25,000 annually he too would be allowed to invade the principal if insufficient income existed. Additionally, appellees call attention to a provision of the will granting trustees authority to pay all of the income to one Louis Satenstein, if they so desired, thereby depleting the fund available to satisfy plaintiff’s portion. Furthermore, they note that subparagraph (a) of Article 28 grants unto James Garrison two-fifths of the net income with a like amount given to charitable institutions and conclude therefrom that plaintiff’s $25,000 portion was intended to be a maximum. Finally, appellees urge that the testator’s recognition that circumstances could exist requiring undistributed income be added to the principal, as evidenced by Subparagraph (6), not enumerated hereinabove, supports the limiting construction accorded plaintiff’s bequest.
Conversely, plaintiff maintains that the trustees’ interpretation ignores the phrase “not less than” the sum of $25,000 annually and renders the clause “not more than”. Plaintiff’s interpretation of the clause is that the testator intended to assure him the greater of $25,000 or one-fifth annually and that the phrase “whichever is lesser” was merely an inept and inaccurate mode of expression.
Our paramount concern is, of course, to ascertain the intention of the testator. LSA-C.C. Art. 1712: Carter v. Succession of Carter, 332 So.2d 439 (La.1976); Succession of Gardner, 336 So.2d 1065 (La.App. 3rd Cir. 1979). If any ambiguity exists as to the testator’s intent with regard to a particular clause or bequest, other clauses or bequests must be considered along with the ambiguous clause or provision to reach, if possible, an interpretation which harmonizes the whole. Succession of Levy, 207 La. 1062, 22 So.2d 650 (La.1945); Succession of Griffin, 366 So.2d 1029 (La.App. 1st Cir. 1979).
As evidenced by the persuasive argument advanced by each side, the bequest is easily capable of opposing interpretations, both of which are reasonable. The disputed provision contains two contradictory expressions which are irreconcilable; thus one must yield. When a will is capable of being construed so as to grant differing amounts, our Civil Code resolves the conflict by adapting the interpretation giving the lesser sum. LSA-C.C. Art. 1717 provides:
“If it can not be ascertained whether a greater or less quantity has been bequeathed, it must be decided for the least.”
Construing the will as a whole, the interpretation thereof adopted by the trustees and the trial court was correct. Moreover, the result reached is consistent with codal rules of construction favoring construction bequesting a lesser amount. Accordingly, we affirm. All costs taxed to appellant.
AFFIRMED.