HARDY, Judge.
This is a highway expropriation suit and plaintiff appeals from the judgment ren *153 ■dered fixing the value of property taken •and damaged.
Defendants were the owners of a highly productive tract of cotton farm land embracing something in excess of 200 acres, located approximately 3y£ miles south of Tallulah in Madison Parish, Louisiana, adjacent to the Tallulah Country Club and 'Golf Course. The property constituted a rectangular area fronting on Roundaway Bayou, the high bank of which stream was traversed by old U. S. Highway 65. 'The property actually taken by plaintiff for highway purposes consisted of two tracts of land containing 7.261 and 1.097 acres, respectively. As the result of the taking, defendants’ property was severed into two irregularly-shaped tracts of approximately 15 acres and 184 acres separated by the right-of-way for the proposed highway. Plaintiff deposited the sum of $8,608.00 in "the registry of the court, representing its -appraisal of the fair value of the property -taken and the severance damages to the remaining property. Defendants contested this valuation, and, after trial, were awarded judgment in the principal amount of $25,761.70, subject to credit of the amount previously deposited as above noted. The sole issue tendered by this appeal relates ■to the correctness, vel non, of the valuation .as fixed by the judgment.
Plaintiff specifies errors on the part of •the trial court in that its judgment was primarily based upon the testimony of one •of the witnesses for defendants; in holding that there were no comparable sales to the property expropriated; in accepting testimony predicated on an income approach ; in concluding that the highest and best use of the property was both for agricultural purposes and development as rural homesites; in failing to give consideration to the testimony of all the witnesses, and in permitting testimony ■ with reference to valuation of small tracts without considering the property taken as a part of the whole.
Some of the enumerated specifications of error are not of substantial importance and some are not supported by the record and the reasons set forth for judgment by the trial judge. We do not find that the trial judge disregarded the testimony of any of the witnesses tendered by the parties litigant although he chose to accept the testimony of one of the witnesses as being more accurate and convincing.
Generally, the errors complained of all relate to the principal contention by plaintiff that the value fixed was excessive, and it is to this point that we have directed our consideration.
Testimony on behalf of plaintiff as to value of the property taken, damages to improvements and severance damages to the remainder of the property was elicited from two expert witnesses, one of whom was a qualified appraiser regularly employed by plaintiff and the other a realtor residing in Ouachita Parish, whose inspection and appraisal was made almost two years after the time of the taking. These witnesses base their conclusions of value primarily upon consideration of the property taken as farm land and the comparable sales which they used related exclusively to farm property admittedly inferior to the lands of defendants. Some consideration was given to a valuation of a very small portion of the property as constituting desirable rural homesites, but this feature of valuation was not considered by these witnesses as justifying any substantial increase in valuation.
On the other hand, defendants tendered the testimony of two real estate brokers and appraisers and the testimony of a longtime resident landowner and subdivision developer in Madison Parish.
The following extract is quoted from the opinion of the district judge since it embodies at one and the same time the basis for the court’s finding and the principal *154 objection which is emphasized by counsel for plaintiff:
“This court was very much impressed with the testimony of Mr. F. A. Babb, who testified in great detail and at length as a witness for the Williams’. This Court believes Mr. Babb to be more familiar with the general condition as to land values existing in Northeast Louisiana than any of the witnesses who testified either for the plaintiffs or the defendants, and his analysis of the entire situation is what this Court bases its final judgment on.”
We have given detailed consideration to all of the testimony in the record and find ourselves in complete agreement with the expression of the district judge as to the convincing nature of the testimony of Mr. Babb. This witness showed himself to be unusually well qualified, particularly with reference to the subject property, taking into consideration differences in soil structure, drainage, location, accessibility and, indeed, every element of valuation. The witness also showed himself to be thoroughly familiar with comparable sales in the general vicinity, both as to exclusively agricultural lands and smaller tracts carved out and sold as homesites.
There can be no question as to the conclusion that defendants suffered substantial severance damage as the result of the taking of their property. Much of the property was rendered practically valueless for homesite purposes, deprived of the existing bayou frontage and appurtenant irrigation facilities, and almost the entire remaining property suffered a diminution in value for cotton or stock farming purposes. We do not feel that any good or necessary purposes would be served by a detailed analysis of the extensive testimony. It suffices to say that the valuation fixed is justified upon the general principles of comparable sales and highest and best use which have been too well established by our courts to necessitate citation. Although it is true that some testimony was admitted with respect to valuation on the basis of an income approach, we do not find that this had any bearing upon the determination of value, and we have specifically disregarded this testimony in reaching our conclusion.
As is usual in cases of this nature, there is some implied criticism of the qualifications .of some of the witnesses. As was observed by this court in State of Louisiana, through Department of Highways v. Huson (1964, writs denied), 166 So.2d 3;
“The courts of this state have repeatedly held the trial court is vested with much discretion in determining whether a witness is qualified to testify as an expert.” (Cases cited.)
In the case before us, we think all of the witnesses for both parties have shown themselves to be qualified to express opinions as to value, but, as above noted, we are of the opinion that the witness, Babb, clearly demonstrated his superior qualifications, and, as a result, his testimony was entitled to the exceptional weight and consideration which was given thereto by the trial judge.
As has been pointed out in briefs by counsel for both parties, the judgment rendered is in error by reason of a mistake in computation, and, for that reason, is subject to appropriate amendment.
For the reasons assigned the judgment appealed from is amended by reducing the principal amount from the sum of $25,761.-70 to the sum of $25,016.70, and, as so amended, the judgment is affirmed. Plaintiff-appellant is taxed with such costs as it may legally be required to pay.