AYRES, Judge.
By this action, instituted July 25, 1961, there was expropriated from defendants’ 484-acre farm, located in Madison Parish four miles south of Tallulah, for the relocation of U. S. Highway 65, a strip of land 122.86 feet in width for a distance of 3438.-28 feet and 120 feet in width for an additional distance of 3341.90 feet, containing 18.814 acres. Prior to the taking, defendants’ land was rectangular in shape with its eastern boundary fronting the original U. S.Highway 65, located on the high bank of Roundaway Bayou. The western portion of the property is traversed by the Missouri Pacific Railroad Company’s right of way which runs in a general southwesterly-northeasterly direction. That portion of the farm land east of the railroad contained an area of 299.814 acres.
The highway as relocated was constructed prior to the trial of this case. It entered defendants’ farm near the southwest corner and extended northeasterly to its northern boundary. For about half the distance the new highway extends across defendants’ property; it lies east of and parallels the railroad right of way. From that point the railroad curves northward and the highway continues northeasterly for the remainder of the distance through the farm. The result is the severance of that portion of the farm land east of the railroad into two separate tracts, the larger of which now contains approximately 256 acres east of the highway and the smaller of which, triangular in shape, located west of and between the new highway and the railroad, contains approximately 25 acres.
Plaintiff, contending that the acreage taken had a value of $7,056.00 and that the 25-acre tract sustained severance damages to the extent of $1,262.00, deposited $8,318.-00 in the registry of the court in compensation for the land taken and the damage sustained to the remainder of defendants’ property. The trial court concluded, however, that the land taken had a value of $1,000.00 per acre and awarded $18,814.00 therefor, as well as $10,500.00 severance damages. From the judgment accordingly rendered, awarding defendants $29,314.00, .subject to a credit by the deposit theretofore made in the registry of the court, plaintiff appealed.
The issues, purely factual in character, relate to the market value of the property expropriated and the extent of severance *746 damages sustained to the remainder of defendants’ farm.
Plaintiff specifies errors on the part of the trial court in that its judgment was predicated upon the testimony of one of the defendants, a lay witness, in discarding testimony with reference to comparable sales, in considering testimony with reference to the production history of the property , in failing to give consideration to the testimony of all the expert witnesses with regard to an evaluation of the property, and in reaching a conclusion as to the value of the property as if the property taken had constituted a small tract standing alone and unrelated to the whole property as a unit.
We do not find, from the record, that the trial judge disregarded the testimony of any of the witnesses; he chose, rather, to accept the testimony of defendant Clifford C. Adams as supported and corroborated by that of the expert, F. A. Babb. Here, as in State Through Department of Highways v. Williams, 170 So.2d 152, 154, La.App.2d Cir. 1964, this court is impressed by Babb, who testified in considerable detail as a witness in defendants’ behalf. There, it was said that this witness was more familiar with the general condition as to land values existing in northeastern Louisiana than any of the other witnesses testifying in that case. There, as in the instant case, this witness showed himself to be unusually well qualified, particularly with reference to the subject property. In giving his testimony he took into consideration the differences in soil structure, drainage, location, accessibility, and, indeed, every element having reference to an evaluation of the property. The record reflects that this witness was thoroughly familiar with land values in the area of defendants’ property. Regardless of the implied criticism of the qualifications of some of the witnesses, as is usual in cases of this nature, such criticism, if justified, is a matter of no real consequence here, as the entire record is now before us. We have reviewed and considered all the testimony in the record and given it the weight to which we think it is entitled by virtue of the qualifications of the witnesses, their basis of knowledge, and the reasons supporting their conclusions. The other specifications of error are likewise now of no great concern.
First for consideration is the value of the property taken for right-of-way purposes. Five witnesses testified on behalf of plaintiff. Lew W. Munson and E. R. McClendon valued the property at $375.00 per acre, Charles I. Watson at $325.00, W. Dean Carter at $375.00, and Wayne Medley at $365.00. For the defendants, C. C. Adams, a defendant, and F. A. Babb, valued the property taken at $1,000.00 per acre notwithstanding that their respective estimations of the value of the property as a whole was $500.00 and $400.00 per acre. The record is barren of proof from which it could be concluded there was a basis for such evaluation of this property other than the unsupported statement of the witnesses that it had such value because it was the best land in the tract. The reasonable market value of the land taken is, we think, $400.00 per acre, or $7,525.60 for the whole.
Lastly for consideration is the question of severance damages. All the experts were in accord that no damage resulted to that portion of defendants’ farm lying west of, and which had already been severed from, the remainder by the railroad right of way. There was, however, a great divergence of opinion expressed by the witnesses as to the damage sustained by the property located east of the railroad. All of plaintiff’s witnesses were of the opinion that no damage resulted to the 256-acre tract; three were of the same opinion as to the 25-acre tract. Two, however, were of the opinion this latter tract had sustained damage of only $1,262.00. For the defendants, Babb testified that the severance damage to the two tracts east of the railroad was $13,040.00. Defendant C. C. Adams placed the amount at $10,500.00. The court fixed the smaller amount as the damage sustained.
*747 There were certain conditions created by the relocation of the highway common to both tracts, one of which was a matter of the inconvenience and difficulty of reaching each tract from the other. Farms of the size and character of defendants’ required the use of heavy equipment such as tractors, 4-row cultivators, et cetera; the movement of this equipment across the highway was difficult and expensive, and probably altogether prohibitive for machinery equipped with metal cleats. In the testimony, the necessity was pointed out for equipping the machinery with rubber tires or hydraulic lift systems to effect a crossing of the highway.
Other conditions created by the construction specifically affect each of the individual tracts separately. For instance, the 25-acre tract, because of its size and triangular shape, can no longer be considered an integral part of defendants’ farming operations. The crops which might be grown thereon are restricted. Row crops were made more difficult and probably impossible because of the character of machinery required in the operation of the farm as a unit. Moreover, the necessity of a turnrow 20-22 feet wide lessened the cultivable area. This tract, as was the other, had no use except for argicultural purposes, and because of its size and shape it could not be accurately said to be in demand for such purposes. The evidence establishes, as the trial court obviously concluded, that the value of this smaller tract was diminished at least 50% by the relocation of the highway. We find no error here.
With particular reference to the larger tract, it may be pointed out that, in addition to the conditions as heretofore mentioned applicable to it, the relocation of the highway necessitated the use of an additional turnrow for a distance of approximately 3,-390 feet across defendants’ farm from the point where the highway separated from the railroad and continued northeasterly. Moreover, the fact of the roadbed having been made by dirt hauled in and the highway having been constructed without roadside ditches created a drainage problem. Defendants’ farm east of the railroad formerly drained westerly and emptied into a ditch alongside the railroad. This drainage ranged from a distance of approximately 1,750 feet on the north side of the property to a distance of about 7,000 feet on the south side. Without other means having been provided, the highway blocked the drainage of defendants’ property into the ditch alongside the railroad.
Babb testified that this tract sustained damage to the extent of $30.00 per acre and that the cost of the construction of drainage facilities would almost equal that amount. Defendant Adams testified that this tract sustained damage to the extent of $30.00 per acre for the entire area, or $50.00 per acre for the first 100 acres adjacent to the highway. The court fixed the damage thus sustained at $5,500.00. From our review of the record, we find no manifest error in this award.
There was ample access to defendants’ farm via the original route. Access from the new highway was somewhat limited and made more inconvenient. There is therefore no basis for a conclusion that the relocation of the highway enhanced the value of defendants’ property.
The case of State Through Department of Highways v. Williams, supra, is easily distinguishable from the instant case as, there, the property involved was shown to be adjacent to the Tallulah Country Club and Golf Course and that one of the highest and best uses of the property was that for the development of rural homesites. No basis was established for a similar conclusion in this case.
For the reasons assigned, the judgment appealed is amended by reducing the principal of the award to $18,025.60, subject to a credit of $8,318.00, with legal interest on the sum of $9,707.60 from July 25, 1961, un *748 til paid. The defendants-appellees are assessed with the cost of this appeal, and, as thus amended, the judgment appealed is affirmed.
Amended and affirmed.