367 So.2d 147 (1979)
A. Taylor HEGAN, Plaintiff-Appellee,
v.
Evelyn Coburn HEGAN, Defendant-Appellant.
No. 13749.
Court of Appeal of Louisiana, Second Circuit.
January 16, 1979.
*148 Robert P. McLeod, David E. Verlander, III by David E. Verlander, III, Monroe, for defendant-appellant.
Captan Jack Wyly, Lake Providence, for plaintiff-appellee.
Before BOLIN, PRICE and HALL, JJ.
BOLIN, Judge.
Plaintiff obtained a divorce from defendant on the grounds of adultery and was awarded custody of their seven-year-old daughter. Defendant appeals only from that portion of the judgment awarding custody of the child to plaintiff. We affirm.
Plaintiff and defendant were married in 1968. In 1971, shortly after the birth of the child, defendant began to suffer from epileptic seizures which required constant treatment and medication, including occasional *149 hospitalization. Coping with this disease, coupled with marital problems, caused severe depression which required treatment by a psychiatrist and a psychologist and resulted in further hospitalization in a Shreveport mental hospital during March and April of 1977. When she was released from this hospital, she did not return to her husband and child in Delhi, but established residence in Bossier City and began seeking employment. This suit was filed in September.
The evidence indicates defendant's epilepsy is now controlled by medication and that she has learned to adequately cope with her depression problems. She has obtained satisfactory employment and has worked for a period of time, which indicates that she is fully capable and has a permanent position. At the time of trial she had made plans to move to a larger apartment and to provide proper education and day care for the child.
Plaintiff is a pharmacist and owns a home in Delhi. He has cared for the child during defendant's various illnesses and has had physical custody of the child since defendant entered the mental hospital in March of 1977. The child has attended school in plaintiff's home parish for the last two years and appears to be happy and well adjusted in her present environment. Additionally, plaintiff's mother now resides with him in order to help care for the child.
The trial judge, in his written reasons for judgment, weighed the evidence in favor of each party and decided that it would be in the best interest of the child for her to remain in custody of the plaintiff. He noted, however, that the defendant had presented no evidence to support her claim that she had overcome the depression problems which precipitated her most recent hospitalization.
After this judgment was rendered, defendant hired new counsel who took depositions of two of her doctors, each of whom stated that she was now recovered from her mental problems and fully capable of caring for her child. On the basis of this favorable testimony, defendant moved for a new trial and this motion was denied.
Defendant appeals, alleging the trial court erred in the following respects: (1) in failing to grant a new trial to consider the medical evidence contained in the depositions; (2) in failing to apply the "maternal preference rule" as set out in Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971) and Abreo v. Abreo, 281 So.2d 695 (La.1973); and (3) in applying a "double burden rule" to defendant's claim for custody, requiring her to show not only her own fitness but to also show the unfitness of plaintiff.
The first assignment of error is clearly without merit. In a minute entry, dated May 4, 1978, the court stated:
Considering the application for a new trial and the evidence and arguments offered it is the Court's opinion that nothing offered would have changed the result originally found, and it is ordered that the application for a new trial is denied.
(Emphasis added)
It is apparent that the trial judge did consider these depositions and decided no new trial was needed since the result would have been the same. Therefore, defendant's charge that the trial judge erred in not admitting the depositions for consideration is unfounded.
With regard to the second assignment of error, defendant argues that when the custody of a child of tender years is at issue, the mother should not be denied custody unless she is shown to be morally unfit or otherwise unstable. She further argues that plaintiff had the burden of proving this unfitness, which he failed to carry.
We realize that there has long been a jurisprudential rule recognizing that ordinarily a child's best interest will be served when custody is awarded to the mother, especially when the child is of tender years, Fulco, supra; and that custody should be awarded to the mother unless she is shown to be unfit, Abreo, supra.
However, we also notice that Civil Code article 157 was amended by Act No. 448 of the 1977 regular session of the Legislature to read, in pertinent part, as follows:

*150 A. In all cases of separation and divorce, permanent custody of the child or children shall be granted to the husband or the wife, in accordance with the best interest of the child or children. Such custody hearing shall be held in private chambers of the judge. In no event shall the pendente lite custody rights presently existing be affected by this Act. The party under whose care the child or children is placed, or to whose care the child or children has been entrusted, shall of right become natural tutor or tutrix of said child or children to the same extent and with the same effect as if the other party had died.
* * * * * *
(Emphasis added)
This amendment took effect on September 9, 1977, eleven days before this suit was filed. Under this article as now written, the best interest of the child is the sole determination to be made in the initial granting of custody and the wife is granted no absolute preference in this determination.
We do not hold that a close natural bond between a mother and child of tender years, if present, should not be considered in determining what would be best for the child. We admit, as stated by this court in Brackman v. Brackman, 322 So.2d 314 (La. App. 2d Cir. 1975), that one of the many factors to consider in determining the best interest of children is the desire to "continue them in the care of the parent who, in a normal situation, has provided the degree of continuous care and affection which creates such a close bond that it would be harmful to the children to alter that relationship by granting custody to the father." We hold that if such a relationship exists between a mother and a child, it should be considered. However, we also hold that the consideration given to this particular factor should not be so great as to only be overcome by a showing on the part of the father that the mother is unfit or unstable. Furthermore, as in this case, this same factor could also weigh in favor of the father.
Having so held, we find the trial judge was correct in his ruling. His written reasons for judgment reflect that he did consider the traditional idea of a "maternal preference" as a factor in his decision. However, he did not find this factor solely determinative in light of the benefits offered by the plaintiff and the fact that the child was presently happy and well adjusted in the environment in which she has lived since her parents separated. We agree with his summation wherein he stated:
. . . The evidence is not such as would justify removing the child from this environment and putting her in a strange place under the care of defendant who may or may not prove capable of assuming these new responsibilities. On the side of Mr. Hegan we have known quantities, while on the other side it is more speculative.
Regarding the third assignment of error, defendant argues that the trial court erroneously applied the law relative to a change in custody rather than that relative to an initial determination of custody. More specifically, she alleges the court required her to prove not only that she could provide a suitable home but also that the present home in which the child lives is detrimental to her welfare. Even a casual reading of the trial judge's written reasons for judgment indicates that this approach was not taken. Consequently, this assignment of error is also without merit.
The judgment is affirmed. Cost of this appeal is assessed to appellant.