GARRISON, Judge.
This is an appeal from a judgment of the district court rendered in accordance with the verdict of the jury on seven consolidated cases, finding the defendant, New Orleans Public Service, Inc., liable and granting damages to the several plaintiffs as follows:
1. Robert and Evelyn Benedic-$100,-000.00 plus legal interest from demand and costs.
2. Vanguard Underwriters Insurance Co., the insurer of the Benedics-$30,000.00 plus legal interest from demand and costs.
3. Joseph a'nd Joan Imbraguglio-$8,000.00 plus legal interest from demand and costs.
4. Alphonzo J. Yates-$1,500.00 plus legal interest from demand and costs.
All suits arise from the same cause of action, which is an explosion which occurred on July 1, 1977 at 4842 Corsica Place, the Benedics’ house, which prior to the explosion was located in Village de L’Est subdivision. All suits involve property damage and/or personal injuries allegedly resulting from the explosion.
The Benedics and their homeowner’s insurer, Vanguard Underwriters Insurance Company, hereinafter “Vanguard,” brought the original action against New Orleans Public Service, Inc., hereinafter “NOPSI.”
First of Georgia Insurance Group, hereinafter “First of Georgia,” by subrogation from Ronald Williams, brought action for property damage against NOPSI and the Benedics and their liability insurer, Vanguard.
Allstate Insurance Company, hereinafter “Allstate,” by subrogation from Joseph Im-braguglio, Ed Jones, and Frank Boutte, brought actions for property damage against NOPSI.
Joan and Joseph Imbraguglio brought a property damage action against NOPSI, Vanguard, and the Benedics.
Alphonso Yates filed a personal injury suit against NOPSI alone for personal injury resulting from the explosion.
Vanguard, as the Benedic’s homeowner’s insurer, filed third party actions against NOPSI in the First of Georgia, State Farm Fire and Casualty Company, Allstate and Imbraguglio suits.
On the morning of the trial, Vanguard entered into settlements with First of Georgia, State Farm, Allstate, and the Imbra-guglios. Vanguard reserved its rights against NOPSI by virtue of its third party demands in the above suits.
From the judgment which we amend and affirm, NOPSI appeals.
Appellant contends that the trial court erred in assessing liability against it, in failing to grant a motion for a directed verdict, and in admitting certain expert testimony. The Benedics and Vanguard contend that the award in favor of the Bene-dics should be increased to $140,000.00 and that the award in favor of Vanguard should be increased to $46,680.00. Allstate and the Imbraguglios contend that no error was committed and that their awards should be neither increased nor decreased.
The first question to be addressed by this court is the question of the trial court’s denial of defendant’s motion for a directed verdict. The standard for directed verdicts was extensively discussed in Campbell v. Mouton, 373 So.2d 237 (La.App. 3rd, 1979):
“The motion for directed verdict is a common law procedural device which has only recently found its >way into the law of Louisiana through Article 1810 of the Code of Civil Procedure. The purpose of the directed verdict is that ‘it serves judicial efficiency by allowing the judge to conclude the litigation (in a jury trial) if the facts and inferences are so overwhelmingly in favor of the moving party that the court believes that reasonable men could not arrive at a contrary verdict.’ Civil Procedure-Work of Louisiana Legislature for 1977 Regular Session, 38 La.L.Rev. 152, 157 (1977); See also Williams v. Slade, 431 F.2d 605 (5th Cir. 1970).

“Plaintiff asserts that the trial court erred in applying a standard of ‘a prepon *874 derance of the evidence’ in deciding defendants’ motion for a directed verdict. Article 1810, itself, establishes no standard to be used in determining a party’s right to a directed verdict. Plaintiff argues that the correct standard in ruling upon such a motion is the same as the one applied in Federal Courts, since Louisiana adopted verbatim Section 50(a) of the Federal Rules of Civil Procedure as our Article 1810A. See: Civil Procedure-Work of the Louisiana Legislature for 1977 Regular Session, supra, at p. 157. “We conclude that the plaintiff is correct in his contention that the trial court applied an incorrect standard in granting the defendants’ motion. Moreover, since the source of LSA-C.C.P. Article 1810A is the Federal Rules of Civil Procedure, we believe that the correct standard is that applied in the Federal Court. See Madison v. Travelers Insurance Company, 308 So.2d 784 (La.1975). This standard is succinctly stated in the following language penned by the U.S. Fifth Circuit Court of Appeal in Boeing Co. v. Shipman, 411 F.2d 365 (5th Cir. 1969):
‘On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidence-not just that evidence which supports the non-mover’s case-but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury.” At 239 (emphasis added).
A thorough examination of the record convinces this court that defendant’s motion for a directed verdict was properly denied. The facts of the case are not so strong and overwhelmingly in favor of the defendant that reasonable and fair-minded men could not arrive at a verdict in favor of the plaintiffs.
The second issue raised is the court’s acceptance of George Martinsen as an expert in the fields of reconstruction and causes of explosion. Defendant agreed to accept Mr. Martinsen as an expert in the area of fire investigation and fire fighting, but objected to any expert testimony from him in the area of causation. Mr. Martinsen testified as to impact, wall displacement, location of various debris, discoloration, radiation burns, types of burn pattern resulting from certain accelerants, smoke explosion and high generation explosives, the post-explosive condition of all appliances and positions of on and off switches, either of which could have been ignition sources. From the above factual testimony, Martinsen concluded that the explosive fuel was natural gas and that the type of explosion was caused by explosive fuel trapped under the slab.
As stated by this court in Fox v. State Farm Mutual Automobile Insurance Co., 273 So.2d 743 (App. 4th, 1973), writ granted, 277 So.2d 440 (La.) vacated on other grounds, 288 So.2d 42 (La.1974):
“The courts of this state have repeatedly held that the trial court is vested with much discretion in determining whether a witness is qualified to testify as an expert. Hargis v. Travelers Indemnity Co., 248 So.2d 613 (La.App. 3rd Cir., 1971); Bonilla v. Arrow Food Distributors, Inc., 202 So.2d 438 (La.App. 4th Cir., 1967); State, Department of Highways v. Williams, 170 So.2d 152 (La.App. 2nd Cir., 1964); Carvel1 v. Winn, 154 So.2d 788 (La.App. 3rd Cir., 1963).” At 746.
The standard to be applied by this court on review is “Did the trial judge clearly abuse his much discretion in admitting the witness as an expert?” We cannot find that the trial judge’s actions constituted a clear abuse of discretion.
The third issue confronted by this court is the question “Did the trier of fact *875 err in assessing liability against the defendant?” At trial, the main issue was whether a leaking gas source caused the explosion or whether there was an explosion from some other source which caused the gas lines to rupture and leak gas. After wading through the voluminous lay and expert testimony, demonstrative evidence and exhibits, this court cannot conclude that the trier of fact was manifestly erroneous in its conclusions. While the case does involve very close factual issues, the standard by which this court is bound is one of manifest error. Canter v. Koehring Co., 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Turning now to the question of quantum, we note the standards of review binding upon this court as stated in Coco v. Winston Industries, 341 So.2d 332 (La.1976):
“We do reemphasize, however, that before a Court of Appeal can disturb an award made by a trial court that the record must clearly reveal that the trier of fact abused its discretion in making its award . . . Only after making the finding that the record supports that the lower court abused its much discretion can the appellate court disturb the award, and then only to the extent of lowering it (or raising it) to the highest (or lowest) point which is reasonably within the discretion afforded that court ... It is never appropriate for a Court of Appeal, having found that the trial court has abused its discretion, simply to decide what it considers an appropriate award on the basis of the evidence.” At 335. (emphasis added).
This standard was both re-iterated and clarified by the Louisiana Supreme Court in Reck v. Stevens, 373 So.2d 498 (1979), wherein that court stated:
“Before a trial court award may be questioned as inadequate or excessive, the reviewing court must look first, not to prior awards, but to the individual circumstances of the present case. Only after analysis of the facts and circumstances peculiar to this case and this individual may a reviewing court determine that the award is excessive . . . Thus, the initial inquiry must always be directed at whether the trier court’s award for the particular injuries and their effects upon this particular injured person is, a clear abuse of the trier of fact’s ‘much discretion.’ La.Civ.C. Art. 1934(3) in the award of damages. It is only after articulated analysis of the facts discloses an abuse of discretion, that the award may on appellate review, for articulated reasons, be considered either excessive, Carollo v. Wilson, 353 So.2d 249 (La.1977); Schexnayder v. Carpenter, 346 So.2d 196 (La.1977); or insufficient, Olds v. Ashley, 250 La. 935, 200 So.2d 1 (1967).” At 501.
A review of the record and applicable case law convinces this court that there is no clear abuse of discretion in awarding the Benedics $100,000.00 instead of $140,000.00.*
In the ease of Vanguard, however, a clear abuse of discretion has occurred. As delineated by the uncontroverted testimony of William A. Mouton, Jr. of General Adjustment Bureau, Vanguard has paid to the Benedics the policy limits of $30,000.00 on the dwelling, the policy limits of $15,000.00 on personal property, $923.00 for garage repair and $757.00 for living expenses, equaling a total of $46,680.00. The total amount paid was uncontested and settlement and subrogation receipts were admitted into evidence as Vanguard-1 and Vanguard-2. The jury granted Vanguard damages in the amount of $30,000.00 instead, which award we find to be a clear abuse of discretion.*
This last issue raised by plaintiff-appellees is the question of expert fees, which they seek to have increased by this *876 court. As with the question of acceptance of experts, an award of expert fees lies within the much discretion of the trial court. Absent from a clear showing of abuse of discretion, the award of expert fees by the trial court will not be disturbed. Blaise Parking and Enterprise Corp. v. Project Square 221, 349 So.2d 387 (La.App. 4th, 1977). We do not conclude that the awards made were a clear abuse of the trial judges’s much discretion.
For the reasons assigned, the judgment appealed from is amended to increase the award to Vanguard Underwriters Insurance Company from the sum of $30,000.00 to the sum of $46,680.00, and is correspondingly amended to reduce the award to Robert and Evelyn Benedic from the sum of $100,000.00 to the sum of $83,320.00. As thus amended, and in all other respects, the judgment -of the district court is affirmed.

AMENDED, AND AS AMENDED, AFFIRMED.

GULOTTA, J., concurs in the result.
REDMANN, J., concurs with reasons.

 Although we find that the award to the Bene-dics is not a clear abuse of discretion, vis-a-vis the defendant, when it is considered vis-a-vis the Benedic’s insurer, this court will be required to reduce the Benedic’s award by $16,-680.00, the amount by which Vanguard’s award will be increased, in order to give effect to the subrogation agreement and prevent a double recovery of the $16,680.00 amount.