401 So.2d 509 (1981)
Mickey JOHNSTON, Plaintiff-Appellee,
v.
Sandra McCULLOUGH, Defendant-Appellant.
No. 14561.
Court of Appeal of Louisiana, Second Circuit.
June 8, 1981.
Rehearing Denied July 15, 1981.[*]
*510 John Makar, Natchitoches, for defendant-appellant.
James R. Hatch, Homer, for plaintiff-appellee.
Before PRICE, HALL and MARVIN, JJ.
En Banc. Rehearing Denied July 15, 1981.[*]
PRICE, Judge.
This appeal of a judgment ordering the change of custody of a thirteen-year-old boy from the mother to the father is concerned primarily with whether the trial court gave improper weight to the expressed preference of the child in determining that it was in his best interest to be allowed to live with his father. We find no abuse of discretion and affirm the judgment for the reasons assigned.
Plaintiff, Sandra Johnston McCullough, was divorced from Mickey Johnston on March 26, 1973, by an uncontested Arkansas decree. Custody of their five-year-old child Kelly was awarded to Sandra. Shortly thereafter Sandra married Van McCullough and they moved to Florida where they presently reside in Brandon, a suburban area near Tampa. Mickey Johnston has also remarried and continues to live in Homer, Louisiana, with his present wife and her five-year-old daughter.
Since the divorce and her remarriage, although no specific visitation privileges were provided in the divorce decree, Sandra McCullough has been very considerate in permitting Kelly to spend approximately two months of each summer and part of the Christmas holidays with his father in Homer. He was also permitted to spend some time each summer with his maternal grandparents in Baytown, Texas.
This action was filed by Mickey Johnston near the end of Kelly's regular summer visit in Homer in 1980.
Johnston alleges that his primary reason for seeking the change of custody is to comply with his son's repeated request to be allowed to live with him in Homer where he could enjoy the recreational and social advantages offered in this small town, semi-rural environment. He also alleges he desires the custody of Kelly so that he can assist Kelly in overcoming an apparent learning disability which has been of concern to both parents during Kelly's school years in Florida.
In support of his position that it was in the best interest of Kelly for the change of custody, Johnston presented the testimony of a clinical social worker, Donald D. Heacock of Shreveport, who had been consulted by Johnston for advice in view of the boy's request to be allowed to live in Homer.
After hearing the testimony of Kelly, in which he confirmed that it was his desire to be allowed to live with his father, and the testimony of Heacock to the effect that Kelly's desire was sincere and should be given recognition, the trial court found it in the boy's best interest to order a change of custody to his father, subject to specified visitation privileges with the mother and maternal grandparents.
On this appeal the mother's assignments of error may be summarized as follows: (1) that the court ordered a change of custody from the parent who had previously been awarded custody without any showing that it would be detrimental to continue custody with that parent; (2) that the court failed to consider, in conjunction with the boy's best interest, the length of time he had lived with his mother and the effect a *511 change in custody would have on the parties; (3) that the trial court improperly permitted and considered the testimony of the expert witness, Heacock, since his opinion was based solely on consultation with Kelly and the Johnstons; (4) and that the court improperly gave weight to the boy's preference to live with his father when there was evidence to show the preference was induced by expensive gifts, expanded privileges, and less discipline.
In custody cases the standard for appellate review is to give great weight to the determination of the trial judge whose determination should not be overturned unless there is a clear abuse of discretion. Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (La. 1971); Cleeton v. Cleeton, 383 So.2d 1231 (La.1980); and Bordelon v. Bordelon, 390 So.2d 1325 (La.1980). The Supreme Court abrogated the prior "double burden" rule in change of custody matters and ruled that the singular test is what is in the best interest of the child as determined from the totality of the circumstances. Bordelon v. Bordelon, supra.
It is apparent from the lengthy reasons for judgment given by the trial judge that he gave careful consideration to all pertinent factors in determining the best interest of the child. His reasons also reflect that he gave consideration to the fact that the mother and her present husband loved the child and had provided proper care and guidance for Kelly during the last seven years that he was in their home. In giving critical weight to the expressed desires of this thirteen-year-old boy, the court's reasons in pertinent part are as follows:
This Court was impressed with Kelly's understanding of questions propounded and his ability to think through and articulate his responses. He very humbly, but firmly, expressed his wishes to stay in this environment with his father, reflecting, at the same time, no animosity toward his mother or step-father, but on the contrary. He stressed his ability to get around to see friends in this more rural environment, his enjoyment of responsibilities here with a horse, mule, etc., relationships with his grandparents, riding a trail bike, having a greater degree of "freedom" and participating on the 7th-8th grade football team at the school he attends, Claiborne Academy.
His principal, Mr. Larry White, spoke highly of his efforts academically, indicating that his prior education had not prepared him for the level of competition at the Academy, but that they felt Kelly was overcoming that deficiency. He was tutored here during the summer by a special education teacher, Mrs. Vicky Carrigan, who testified that he had improved significantly as a consequence.
Nevertheless, as a result of an "apparent" learning disability, his mother and stepfather had him examined several years ago in Florida, receiving a vague diagnosis of dyslexia, and moved him through several schools attempting to help him overcome the disorder. Mr. White, Mrs. Carrigan and Rev. Heacock testified that Kelly did not suffer dyslexia. The evidence before this Court indicated that he did not suffer dyslexia; thus, it would appear that his problem was something else.

In that connection, there was unusual maternal concern evidenced in Court by Mrs. McCullough about her son being given a shotgun by the father, the father permitting him to ride a mini-bike, a trail bike, a tractor on the farm, and driving an automobile a few blocks along the back streets of Homer. All except the latter are usual (and generally beneficial) experiences of young men like Kelly. The Court had the distinct impression that Mrs. McCullough was unduly over-protective of Kelly and nervously provocative about potential hurt to him via normal boyhood activities and attitudes....
The conclusions reached by the trial judge as stated above are supported by the evidence and appellant has not shown on this appeal that the trial court committed reversible error or abused its discretion under the current jurisprudential rules.
Although it might appear harsh from the custodial parent's standpoint to change a custody decree that has extended for a period of seven years without a showing *512 that the custodial parent has not provided proper care and guidance, it is nevertheless within the discretion of a trial court to take such action if the court finds other factors present which would outweigh the usual policy to maintain the child in a stable environment. Bordelon v. Bordelon, supra.
Appellant complains of the court's consideration of the testimony of the social worker, Heacock, even though his opinion was formulated without any consultation with appellant or her husband. Trial courts are accorded great discretion in whether a witness is qualified to testify as an expert. Benedic v. N.O.P.S.I., 389 So.2d 871 (La. App. 4th Cir. 1980). In this instance Heacock clearly indicated his opinion was based primarily on his interviews and tests of Kelly, and that an interview with appellant and her husband would not have altered his opinion. Heacock testified that his main concern was to detect whether Kelly's preference to live with his father was based on any inducement by the father or vindictiveness toward the mother, neither of which was found by him.
While there is evidence that the father has been generous to the boy, these instances have been consistent throughout the period since divorce and as found by the trial judge were not shown to have been designed to improperly influence the boy to ask to remain with him. Neither can we say that the trial court abused its discretion in finding that the additional privileges and relaxation of discipline were of sufficient import to preclude the court from giving recognition to the desire of the child.
The degree of weight to be accorded the express desire of a child to live with a particular parent must necessarily be judged by the age and maturity level of the child, as well as all other pertinent factors. In this instance the trial court found Kelly to be a very mature and sincere thirteen-year-old boy whose preference should be given substantial weight, and that it was in his best interest not to deny his request to live with his father. We find this determination to be clearly within the court's discretion. See Cenac v. Power, 211 So.2d 408 (La.App. 1st Cir. 1968) and Sharpe v. Sharpe, 328 So.2d 893 (La.App. 1st Cir. 1976).
In the alternative that this court affirms the judgment ordering a change of custody, appellant has asked that the visitation privileges fixed by the trial court be modified to extend her the same privileges which she voluntarily allowed the father during the time she had custody of Kelly.
While we are reluctant to interfere with this phase of the trial court's discretion, the request made by appellant appears to be fair and equitable under the circumstances. Kelly has indicated he desires to maintain a close relationship with both parents. Therefore, he should be allowed to spend the same sixty-day period each summer with the mother as he previously was allowed with his father while under the custody of his mother.
For the foregoing reasons, the judgment appealed is amended to provide that the period for summer visitation of Kelly Johnston with Sandra McCullough be increased from thirty days to sixty days; the judgment as amended is affirmed. Costs of this appeal are assessed equally.
NOTES
[*] Jones, J., recused.