409 So.2d 1297 (1982)
Jessie Edward JAMES, Sr., Plaintiff-Appellee,
v.
Debra Young JAMES (Travis), Defendant-Appellant.
No. 14762.
Court of Appeal of Louisiana, Second Circuit.
January 25, 1982.
*1298 Blaylock & Perkins by Charles R. Blaylock, Monroe, for defendant-appellant.
Paul B. Wilkins, Columbia, for plaintiff-appellee.
Before MARVIN, SEXTON and NORRIS, JJ.
SEXTON, Judge.
Debra James Travis appeals a trial court judgment on a rule for change of custody filed by her former husband Jessie Edward James, Sr. The trial court removed custody of 4 year old Eddie James from the mother and awarded custody to the father. We find that the trial judge did not abuse his discretion in rendering the decision to grant the change of custody and affirm the judgment.
On October 12, 1979, a judgment of divorce was rendered dissolving the marriage between plaintiff and defendant. The divorce was uncontested and custody of the two year old child, Eddie, was awarded to the mother. On January 31, 1980, plaintiff remarried. He established a home for his wife, Sherry, and her two children in the country near his place of employment. At the time of the hearing on the rule for change of custody, plaintiff and his wife were still married and residing in the same location. Plaintiff is employed as a heavy equipment operator by his father. Plaintiff's wife is unemployed and remains at home to take care of the children.
In May of 1980 defendant married Mr. Buddy Travis. The union was short-lived, ending in a voluntary separation four months later. At the time of the hearing, defendant had neither obtained a divorce nor had the couple reconciled. Defendant testified that she had changed residences about four times in the year prior to plaintiff's filing of the rule for change of custody. She stated these moves were caused either by her short-term marriage and resulting separation, or her efforts to obtain a better home. She further stated that at the time of the hearing, she and the child were living in a two bedroom house that they shared with another divorced woman and her two children.
At the time the rule for change of custody was filed, the defendant was employed as a waitress in a lounge in Monroe, Louisiana, from 4:30 p. m. until midnight. Each afternoon during the course of her employment at the lounge, the defendant left the child at the home of her parents until she could come for him the next morning. The grandparents both worked, therefore during the afternoon hours the child was supervised by his teenage aunts or uncles that were present in the home. In the evenings he was supervised by his grandparents until the defendant retrieved him each morning. The defendant would then take him home and care for him until she had to leave for work in the afternoon. Since the defendant had no means of transportation, male friends and co-workers frequently drove her home after work and would sometimes stay at the defendant's home until the early morning hours. The defendant testified that although married to Mr. Travis she did have sexual relationships with other men, at least one of whom was also married at the time. However, none of the sexual *1299 activity occurred while the child was present in the home. The defendant's sexual activities were not notorious and were not subject to common knowledge.
The plaintiff was unable to locate his child and the defendant for over five months. However, subsequent to locating them and obtaining the child for visitation, the plaintiff declined to return the child at the agreed time. He then filed this rule for a change of custody on April 16, 1981.
The defendant relies upon the recent case of Manley v. Manley, 389 So.2d 454 (La. App. 2d Cir. 1980), in which this court found that the trial judge abused his discretion in removing a 3½ year old child from the custody of its mother without a showing that the mother was providing an unwholesome atmosphere for the child, or that the child was exposed to an immoral relationship, or that the child was being detrimentally affected, or that the mother had neglected the child.
In Manley the evidence indicated that the child was well cared for. Further, the only implication of sexual impropriety was that the mother had a steady boyfriend who came to the home frequently, but did not stay overnight. There was no evidence that this relationship was having a detrimental affect on the child physically or emotionally.
In this case there is sexual activity with several men away from the child, a short-lived marriage, frequent moves, the work as a cocktail waitress and the repeated leaving of the child with teenage relatives between the time the mother departed and the grandparents returned from work. Certainly no one of these factors would be sufficient to warrant a change in custody. However, taken together they do show a definite instability.
Additionally, it was shown that the child's teeth had been allowed to remain in a decaying condition for several months, and that the child was suffering from impetigo and chicken pox when he was taken by the father. Furthermore, the defendant and the child were residing with another divorcee and her two children in crowded circumstances.
All these factors, taken together, constitute sufficient evidence to support the conclusion that the mother's instability is detrimental to the child. We agree that, when compared with the conditions under which the father is living, a change is in the best interest of the child. LSA-Art. 157 C.C. Compare Manley, supra, with Bankston v. Bankston, 355 So.2d 58 (La.App. 2d Cir. 1978). Each custody controversy must be determined in the light of its own facts. Languirand v. Languirand, 350 So.2d 973 (La.App. 2d Cir. 1977). In the absence of a showing of clear abuse of discretion by the trial court in custody matters, the trial court's determination will be upheld on appeal. See Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971), Cleeton v. Cleeton, 383 So.2d 1231 (La.1980), Johnston v. McCullough, 401 So.2d 509 (La.App. 2d Cir. 1981).
For the reasons assigned, the judgment is affirmed at appellant's costs.
Affirmed.