FRED W. JONES, Jr., Judge.
A husband, who received a divorce on the ground of adultery, appealed that portion of the judgment awarding permanent custody of four and five year old boys to the wife. Appellant contends the custody award to the mother was not in the best interest of the children, primarily because of the mother’s improper sexual lifestyle.
For the reasons hereinafter set forth, we find no abuse of trial court discretion, and affirm.
These parties were married in Marshall, Texas in 1974. Two children were born of the marriage. The wife had a daughter by a previous marriage who resided with the child’s maternal grandparents in Shreveport. The husband’s retail chain store employment entailed frequent changes of residence.
In April 1981 the wife, with the two boys, left the matrimonial domicile in Hope, Arkansas and returned to the wife’s parents’ home in Shreveport. Upon his transfer to Shreveport in September 1981, the husband moved into an apartment with his wife and children. They lived together until the husband vacated the premises, at the wife’s request, in February 1982, and have not lived together since that time. The wife and children moved back to live with her parents in March 1982.
*857 On May 3, 1982 the wife sued her husband for a divorce on the ground of living apart for one year. On May 7, 1982 the husband filed suit against his wife for a divorce on the ground of adultery. The two suits were consolidated for trial purposes and trial was had in April and August, 1982.
Judgment was signed on August 6, 1982 rejecting the wife’s demand for a divorce (for failure to prove one year living apart), granting the husband a divorce (on the ground of adultery), and awarding custody of the children to the mother.
It was established at the trial that the wife had been dating another man for some eight months. The two candidly admitted having engaged in sexual intercourse — apparently after the physical separation of the parties to this litigation — on a number of occasions. Both categorically denied ever performing sex acts in the presence of the children or when the children were on the premises. They became engaged about four months prior to the trial and planned to marry when the wife’s marital status was resolved. The wife’s paramour is 40 years old and has been employed at a Caddo Parish manufacturing concern for 13 years. He has been married twice and has four children.
The only record testimony contradicting the denials of the wife and her paramour of sexual activity in the presence of her children is that of the wife’s sister and the latter’s daughter. Both asserted that on two nights in July 1982 the wife and her male friend, along with the two boys, slept in the same bed in his apartment (where the two witnesses had sleeping accommodations afforded at the invitation of and through the generosity of the male friend). It was revealed at the trial that the family relations between the wife on one side and the sister and niece on the other had been marred by longstanding hostility and discord.
The wife’s parents both denied ever having observed their daughter and her male friend engaging in any improper conduct.
In oral reasons for judgment the trial judge, stating that the best interests of the children would be served by leaving them with their mother, explained:
“The court feels that the evidence is insufficient to show improper sexual conduct, certainly not in the presence of the children, although _ and - (names omitted in this opinion) did admit to adultery.”
Of course, this constituted a credibility assessment on the part of the trial judge based upon his personal observation of the witnesses and evaluation of their testimony. It is axiomatic that great deference is accorded by appellate courts to the exercise by a trial judge of his prerogatives in this area — for obvious reasons.
Having determined that the wife committed adultery, though not in the presence of her children, did the trial court abuse its discretion in awarding her their custody?
Upon appellate review the determination of the trial judge in child custody matters is entitled to great weight. He is in a better position to evaluate the best interests of the children from his total overview of the conduct and character of the parties and the children and of community standards. His ruling will not be disturbed in the absence of a clear showing of abuse of discretion. Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971).
The significance of a mother’s adultery was addressed by the Louisiana Supreme Court in Stephenson v. Stephenson, 404 So.2d 963 (La.1981) and Cleeton v. Cleeton, 383 So.2d 1231 (La.1980). In the latter case, some six months after physically separating from her husband, the wife started having an affair which involved the paramour occasionally staying overnight at her residence. The wife’s three minor daughters were sleeping in a separate bedroom during these trysts. On rehearing the court reinstated a trial court award of custody to the mother, noting that the extramarital affair was “discreet”, and further commenting:
*858 “To change the custody of these girls would punish their mother for past behavior when there is no proof of a detrimental effect on her daughters. An award of custody is not a tool to regulate human behavior. The only object is the best interest of the child. LSA-C.C. art. 157. The trial court correctly decided in favor of stability, noted that the children have prospered, and gave custody to the parent most intimately involved with their care.”
The husband in the Stephenson case was granted a divorce for adultery and the wife was awarded child custody. At the trial the wife had freely admitted the commission of acts of adultery. Again reinstating a trial court custody award to the mother, the court found no abuse of discretion because:
“In this case, no evidence has been presented to indicate that Mrs. Stephenson’s relationship with Eddie Gunby has had a detrimental effect on her young daughter. The trial judge specifically found that no impropriety had been conducted within the sight or hearing of the child.”
Considering the question of whether a parent’s sexual lifestyle should be a cause for denying child custody, in Nale v. Nale, 409 So.2d 1299 (La.App. 2d Cir.1982), we elaborated:
“(t)he courts have consistently held the ultimate determination must be whether the behavior was damaging to the child. This determination involves several factors:
(1) Is the child aware of the illicit relationship?
(2) Has sex play occurred in the presence of the child?
(3) Was the sexual misconduct notorious, bringing embarrassment to the child?
(4) What effect has this conduct had on the family home life?”
Here, according to the trial judge’s finding, there was no sexual activity in the presence of the children. The record contains no evidence that the children were aware of their mother’s adultery or that her illicit conduct was notorious — i.e., a matter of community discussion.
As to the wellbeing of the children, a number of witnesses (including the pastor of their church) testified that the youngsters seemed to be well-cared for by the mother — appearing healthy, happy and well-adjusted. This was not contradicted by any evidence that the mother’s adultery had deleteriously affected her rearing of the youngsters. Further, as consistently noted in cases of this nature, stability of environment is an important factor to weigh in determining what will best serve the interests of children.
For these reasons, we find no abuse of the trial judge’s broad discretion in awarding custody of the two children to their mother. Consequently, the district court judgment is affirmed, at appellant’s cost.