KNOLL, Judge.
In this child custody case, the father of a six year old boy filed a rule for a change of custody against his former wife because she and the child were living with a man to whom she was not married. After a hearing, the trial court awarded joint custody with the mother as the primary custodial parent. The father’s sole contention on appeal is that the trial court erred in naming the mother as the primary custodial parent, because of her living in open concubinage and her disregard for moral principles of our society. He seeks sole custody of the child, or alternatively, to be named as the primary custodial parent in the joint custody plan. The mother neither appealed nor answered his appeal. We affirm.
The parties were married in July 1976. Of this marriage one child was born. The mother obtained a legal separation in April 1983. In September 1983, the mother and the child moved into a four bedroom house owned by James Pitre and occupied by him and his mother. The mother and the child shared a bedroom. Two months later the mother moved into Pitre’s bedroom and the child remained in his bedroom. Pitre’s home is located approximately 25 minutes from the parties’ community home. The father resides with his mother, whose home is located two blocks away from the community home. In May 1984 the father was granted a judgment of divorce based on the mother’s adultery. On September 25,1984, after the father’s rule for change of custody, a judgment decreeing joint custody was signed. This appeal followed.
The law applicable to the instant case is LSA-C.C. Arts. 146 and 157. Article 157 provides that in cases of change in custody after an original award, custody shall be granted to the parents in accordance with Article 146. Article 146 provides that custody shall be awarded, according to the best interest of the child, to both parents jointly as the first preference. The article establishes a rebuttable presumption that joint custody is in the best interest of a minor child, and defines joint custody as meaning that the parents shall share the physical custody of children and further provides that “[pjhysical care and custody shall be shared by the parents in such a way as to assure a child of frequent and continuing contact with both parents.” LSA-C.C. Art. 146(D); Peters v. Peters, 449 So.2d 1372 (La.App. 2nd Cir.1984).
Each child custody case must be analyzed and judged upon its own peculiar set of facts and relationships involved, with the end in mind of achieving what has always been the paramount objective in such matters, the best interest of the child. Peters v. Peters, supra. In determining the best interest of children, one of the factors to be considered is the desire to continue them in the care of the parent who, in a normal situation, has provided the degree of continuous care and affection which creates such a close bond that it would be harmful to the children to alter that relationship. Nale v. Nale, 409 So.2d 1299 (La.App. 2nd Cir.1982). The standard of appellate review of a child custody judgment is that great weight is given to the trial court’s decision, which will not be overturned in the absence of a clear abuse *262 of the trial court’s much discretion. Stephenson v. Stephenson, 404 So.2d 963 (La.1981); Cleeton v. Cleeton, 383 So.2d 1231 (La.1980), on rehearing.
In the instant case, the father contends that he should be awarded sole custody of the child because of the mother’s moral unfitness. The moral fitness of the parties is only one of eleven factors to be considered in determining when the presumption in favor of joint custody has been rebutted by a showing that it is not in the best interest of the child. LSA-C.C. Art. 146(C). A parent’s actions and attitudes toward sex outside of marriage are but one aspect of moral fitness. Thus, where the only evidence of moral unfitness was the mother’s living with a man she planned to marry, our brethren of the Second Circuit in Peters v. Peters, supra, held the trial judge did not err in granting joint custody and in refusing sole custody to the father. See Lake v. Robertson, 452 So.2d 376 (La.App. 3rd Cir.1984). The parent requesting sole custody has the burden of proof that joint custody would not be in the child’s best interest. LSA-C.C. Art. 146(A)(2).
At trial the mother testified that living with Pitre was not the best thing to do, but that she feared her husband and therefore could not stay in the community home. Both the mother and Pitre testified that they were engaged and were planning to get married as soon as her divorce became final. The child adjusted to his new school and his new environment very well; he was beginning the first grade when they moved into Pitre’s home. The mother’s relationship with Pitre appears stable and it produced no apparent detrimental effect on the child.
It is undisputed that the mother helps the child with his homework daily. The father admits that he helped the child with homework on only two occasions, even though he had visitation every Tuesday and Thursday from 3:00 p.m. until 6:00 p.m. when the child normally did his homework. The mother and another witness testified that the child brought his homework with him on visitation on one occasion. When the father returned the child, he threw the homework papers at the mother and told her not to send homework with the child anymore. The mother and Pitre’s mother work at the school the child attends; the principal of the school is their neighbor. The child attends church regularly with the mother and receives religious instruction. The father testified that he has not brought the child to church because the child did not want to go and that he would not force the child to go to church.
The trial court carefully considered other factors which it considered relevant in determining the best interest of the child, including: (1) the father was having extramarital relations with a woman who was divorced and had one child from an extramarital relationship; (2) the father has had four jobs in the past year; (3) the father hurt the child before while wrestling but contends it was an accident; (4) the father has neither met the child’s teachers nor inquired about the child’s report card; and (5) the child has a good relationship with Pitre, whom he considers his friend.
Several witnesses testified that the child was upset and withdrawn after his parents separated. The mother’s physician prescribed an anti-depressant and recommended that she take him to a child psychologist. The child became adjusted and happy after the mother and Pitre established their relationship. The mother stated that the child has more of a stable family life under the present arrangement than he had when the father was living with them.
We find the trial court, in awarding joint custody, followed both the letter and spirit of Article 146. Appellate courts should be very reluctant to interfere with plans ordered by trial courts in the exercise of their discretion after careful consideration, and should do so only where a clear abuse of discretion is demonstrated. Peters v. Peters, supra. We find no abuse of the trial court’s discretion, and we will not interfere with the close bond created by the degree of continuous care the child has received from his mother.
*263 For the foregoing reasons, we affirm the judgment of the trial court. All costs of this appeal are assessed to the appellant, Charles N. Tweedel.
AFFIRMED.