SHORTESS, Judge.
Merrilyn Joy Bernard Faust (appellee) and William Bryant Faust, III (appellant), were legally separated by judgment dated November 7, 1979. Three children were born of their marriage: William Bryant Faust, IV, (now a major), Brent Faust (age 12), and Melissa Faust (age 10). At that time, the trial court found that the best interest of the children would be served by awarding custody of William Bryant, IV, to appellant, and custody of the two youngest children, Brent and Melissa, to appellee. The parties were finally divorced on January 9, 1981.
Appellant subsequently filed a Rule for Change of Custody, alleging that circumstances had changed and that the best interest of the children would be served by awarding custody of the two minor children to him. By judgment dated January 20, 1982, the trial judge ruled that custody of the two minor children should remain with their mother, under supervision of the Department of Health and Human Resources. Appellant perfected this appeal.
The best interest of the child or children is the sole criterion in determining when a change in custody is appropriate. La.C.C. art. 157 and Bordelon v. Bordelon, 390 So.2d 1325 (La.1980). The standard of review in child custody eases was explained by the Louisiana Supreme Court in Borde-lon as follows:
“... the procedure for appellate review is to give great weight to the determination of the trial judge, and to overturn a determination only when there is a clear abuse of discretion. Fuleo [v. Fulco, 259 La. 1122, 254 So.2d 603], supra; Cleeton v. Cleeton, 383 So.2d 1231 (La.1980). This test is substantially similar to the rule applied by the appellate court, which prevents the upsetting of a trial court determination of fact unless it is ‘clearly wrong.’ Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Under these rules, a conclusion reached by a trial court derived from the facts is entitled to just as much weight as a conclusion that certain evidence establishes a fact.”
390 So.2d at 1329.
The evidence established that on June 5, 1981, appellant, an assistant attorney general for Louisiana, married Cheryl Cannizzaro Faust; that Cheryl Faust has custody of her two minor children, ages six and eight; that the couple has purchased a four-bedroom home containing ample housing space for the children of both spouses; that Cheryl Faust works for the Jefferson Parish School Board as a teacher coordinator, teaching a course in child care services; that her working days are conformable to *430 the children’s school days; that she lovingly cares for these stepchildren during visitation; that the children have friends in their father’s neighborhood and a good rapport with Cheryl’s children; and that there is a nearby school which they could attend. Appellant admitted, however, that the children have expressed concern about leaving the school they now attend.
Appellee is a registered nurse who works a hospital shift from 11:00 p.m. to 7:00 a.m., but is off two or three days during the week. She testified that she chose this type of work schedule so she could be with her children during the daytime hours while they were awake and in need of her attention; that she has a babysitter who stays with the children at night but leaves at 6:00 a.m.; that the children are alone but are dressing for school after the sitter leaves; and that the children either catch the bus or she takes them to school.
Richard Morgan, a private investigator, testified on behalf of appellant. He stated that during the summer, he observed Brent and Melissa riding bikes and playing around an old abandoned house; that he observed them at an establishment known as “Robert’s Trademart,” apparently buying soft drinks; and finally, that he saw the children catching the school bus alone. The trial judge found, and we agree, that:
“Mr. Morgan’s investigation failed to reveal any real evidence of conduct detrimental to the best interest of the children.”
Appellant also contends that the trial judge erred in failing to consider evidence received in the prior hearing, as it showed a pattern of conduct which would reflect upon appellee’s ability to presently care for the children. The original custody order was dated Nov. 7, 1979, and this change of custody rule was heard on October 26, 1981, nearly two years later. Nothing in the record reveals any detrimental conduct by appellee. The present circumstances did not show anything detrimental to the children’s best interest, so there was no reason to consider prior conduct. The trial judge indicated:
“The court finds nothing in the record of this hearing that would cause a change of its previous opinion.”
The trial judge in his written reasons also stated:
“The court is of the opinion that Mrs. Faust could, as most anyone in her position, use help and guidance with her responsibility of raising the children. The Court is, therefore, going to direct the Department of Health and Human Resources to monitor this situation and assist Mrs. Faust where possible.”
This precaution was taken even though he found that it was in the best interest of the children to remain with their mother. A reviewing court may not substitute its will for that of the trier of fact, even if it disagrees, unless the record shows that the trial court’s finding was clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). It is fairly obvious that the trial judge felt that the best interest of the children was served by the stability of environment provided by their mother.
The rule of law set forth by the Supreme Court in Bordelon, supra, provides:
“. .. even though there is no longer an inflexible rule with regard to changes of custody, the policy consideration underlying the rule, stability of environment, is still relevant to a determination of the best interest of the child.” (emphasis ours) 390 So.2d at p. 1329.
We cannot say that the trial judge was clearly wrong, and we affirm his decision.
All costs of this appeal are assigned to appellant.
AFFIRMED.