442 So.2d 732 (1983)
Janice STEAGALL
v.
Ronnie STEAGALL.
No. 83 CA 0477.
Court of Appeal of Louisiana, First Circuit.
November 22, 1983.
Clinton Hyatt, Jr., Baton Rouge, for plaintiff-appellant defendant-in-rule Janice Walter Steagall (Mooney).
Brian L. Williams, Baton Rouge, for defendant-appellee plaintiff-in-rule Ronnie Carl Steagall.
Before PONDER, WATKINS and CARTER, JJ.
CARTER, Judge.
This appeal involves a custody proceeding to change custody.
Ronnie Carl Steagall (appellee) and Janice Walter Steagall Mooney (appellant) were married on July 29, 1967. Two children were born of their marriage, namely: Carol Lynn Steagall (now age 15) and Sheryl Renee Steagall (now age 10). The Steagalls were legally separated by judgment dated June 30, 1976. By stipulation and consent of the parties, Janice Steagall was granted permanent care, custody and control *733 of both minor children. The parties were finally divorced on October 18, 1977.
Shortly thereafter, Ronnie Steagall married Darla Broussard, who had two sons by a previous marriage. She has custody of the two minor children, both of whom reside with Ronnie and Darla Steagall.
Janice Steagall subsequently remarried also. Janice married Ted Mooney, who has two children from his prior marriage. Neither of the Mooney children reside with Ted and Janice Mooney; however, both Carol and Sheryl Steagall resided with the Mooneys.
In July 1982, appellee filed a Rule for Change of Custody alleging the existence of sexual abuse in the custodial household and that the best interest of the children would best be served by awarding custody of the two minor children, Carol and Sheryl, to him.
By judgment dated March 2, 1983, the trial judge ruled that custody of the two minor children should be changed from the mother to the father, subject to reasonable and liberal visitation rights on the part of the mother outside the presence of Ted Mooney.
Appellant perfected this appeal raising the following issues:
(1) Whether the trial judge abused her discretion in ordering a change in custody;
(2) Whether the trial court erred in restricting appellant's visitation rights outside the presence of Ted Mooney; and
(3) Whether the trial judge erred in not ordering joint custody of the children to Janice Mooney and Ronnie Steagall.

Change of Custody
LSA-C.C. art. 157 provides in pertinent part:
Art. 157. Custody of children; visitation rights of grandparents
"A. In all cases of separation and divorce, and change of custody after an original award, permanent custody of the child or children shall be granted to the parents in accordance with Article 146."
LSA-C.C. art. 146 provides in pertinent part:
Art. 146. Custody of children pending the litigation
"A. If there are children of the marriage whose provisional custody is claimed by both husband and wife, the suit being yet pending and undecided, custody shall be awarded in the following order of preference, according to the best interest of the children:

(1) To both parents jointly. The court, shall, unless waived by the court for good cause shown, require the parents to submit a plan for implementation of the custody order, or the parents acting individually or in concert may submit a custody implementation plan to the court prior to issuance of a custody decree. Such plan may include such considerations as the following:
(a) Domiciliary arrangements for the child or children.
(b) Rights of access and communication between the respective parents and the child or children.
(c) Child support, if appropriate to the economic circumstances of the parents.
(d) Any other matter deemed in the best interest of the child or children.
(2) To either parent. In making an order for custody to either parent, the court shall consider, among other factors, which parent is more likely to allow the child or children frequent and continuing contact with the noncustodial parent, and shall not prefer a parent as custodian because of that parent's sex. The burden of proof that joint custody would not be in a child's best interest shall be upon the parent requesting sole custody." (Emphasis added)
In child custody matters, including those involving a change of custody, the sole criterion applicable is the best interest of the child. Johnston v. McCullough, 410 So.2d 1105 (La.1982); Bordelon v. Bordelon, 390 So.2d 1325 (La.1980); Montelbano v. Montelbano, 415 So.2d 303 (La.App. 2d *734 Cir.1982), writ denied, 420 So.2d 163 (La. 1982).
In Bordelon, supra, the Supreme Court stated, at page 1329:
"This Court has clearly stated that in child custody cases, the procedure for appellate review is to give great weight to the determination of the trial judge, and to overturn a determination only when there is a clear abuse of discretion. This test is substantially similar to the rule applied by the appellate court, which prevents the upsetting of a trial court determination of fact unless it is `clearly wrong'. Under these rules, a conclusion reached by a trial court derived from the facts is entitled to just as much weight as a conclusion that certain evidence establishes a fact." (Citations omitted).
The order for change of custody was based on evidence which established that sexual misconduct occurred in appellant's household. The specific acts of sexual misconduct involved appellant's older child, Carol, and appellant's husband, Ted Mooney. Carol testified that on numerous occasions she and her stepfather showered together and that during those showers the stepfather would bathe her. This activity had been occurring since Carol was 13 years old. It was also established that Carol had been the object of other sexual advances by her stepfather.
Appellant contends that the trial court erred when it ordered that custody be changed from Janice Mooney to Ronnie Steagall. Appellant specifically alleges that the trial court failed to consider that the Mooney household had provided a stable environment for the past five years. The Supreme Court in Bordelon, supra, at page 1329, set forth the rule of law with reference to stability of environment, in that:
"... even though there is no longer an inflexible rule with regard to changes of custody, the policy consideration underlying the rule, stability of environment, is still relevant to a determination of the best interest of the child."
Appellant further alleges that the change of custody was made without a showing that the conduct complained of had any detrimental effects on the children. In support of this contention appellant relies on Nale v. Nale, 409 So.2d 1299 (La. App. 2d Cir.1982). The court in Nale, at page 1301, held that:
"In assessing if a parent's sexual lifestyle is cause for denying custody, the courts have consistently held the ultimate determination must be whether the behavior was damaging to the child."
While appellant correctly points out that stability and continuity of the environment should be considered in determining whether a change of custody is warranted, her reliance on the jurisprudence establishing the requirement of a detrimental effect, caused by parent's sexual lifestyle, is misplaced. The cases cited by appellant involved the sexual relationship of the parent with other persons. In the case sub judice, the sexual misconduct involved the child. Clearly, if the child is the object of the sexual misconduct of the parent, the effects are per se damaging.
The court in Theriot v. Huval, 413 So.2d 337, 338 (La.App. 3rd Cir.1982), stated that:
"A determination of the best interest of the children involves a consideration of the totality of the facts and circumstances of the children and the parents in each individual case." (Citations omitted)
From the facts presented in this case, we find that the trial judge, in considering all relevant facts, was correct in changing custody from the mother to the father because of the activities of the stepfather.

Restriction on Visitation
The trial judge awarded appellant liberal visitation, but restricted any visits with either of the children to outside the presence of her husband, Ted Mooney.
Appellant contends that the trial court abused her discretion in placing such a restriction on appellant's visitation. Appellant specifically alleges that the limitation *735 places an undue hardship upon her, is injurious to Carol's welfare, and should not apply to Sheryl, appellant's younger daughter because no sexual misconduct occurred with Sheryl.
In custody disputes between parents, the paramount concern, as the trial court correctly observed, is the best interest of the child. Visitation is an adjunctive custodial relationship, the control of which lies within the discretion of the trial court. LSA-C.C. art. 157; Bordelon v. Bordelon, supra; Johnson v. Johnson, 357 So.2d 69 (La.App. 4th Cir.1978), writ refused, 359 So.2d 197 (La.1978). Much discretion is vested in the trial court in determining the times and the conditions under which a parent may have access to his child, and the decision of the trial judge as to visitation privileges will not be disturbed unless there has been an abuse of discretion. Pate v. Pate, 348 So.2d 1338 (La.App. 3rd Cir.1977).
In the instant case, the record clearly supports the trial court's finding that the limitation on visitation was warranted.

Joint Custody
Appellant contends that the trial court erred in not making an award of joint custody as provided in LSA-C.C. art. 146.
LSA-C.C. art. 146 provides, in pertinent part:
"C. There shall be a rebuttable presumption that joint custody is in the best interest of a minor child unless:
(1) The parents have agreed to an award of custody to one parent or so agree in open court at a hearing for the purpose of determining the custody of a minor child of the marriage; or
(2) The court finds that joint custody would not be in the best interest of the child."
From the record it is clear that the trial judge found that joint custody was not in the best interest of the child. We agree. The sexual misconduct of the stepfather toward the minor child caused the trial court to change custody, and it is this same sexual misconduct which provided the basis for finding that joint custody was not in the best interest of the children.
For the above reasons, the judgment of the trial court is affirmed. Costs to be assessed against appellant.
AFFIRMED.