559 So.2d 4 (1990)
Sibley Walton THOMPSON, Jr.
v.
Susan Fay Freiler THOMPSON (Shelton).
No. CA 89 1312.
Court of Appeals of Louisiana, First Circuit.
February 21, 1990.
Clinton Hyatt, Jr., Baton Rouge, for plaintiff-appellee Sibley Walton Thompson, Jr.
Darrell J. Saltamachia, Baton Rouge, for defendant-appellant Susan F.F. Thompson (Shelton).
*5 Before LOTTINGER, CRAIN and LeBLANC, JJ.
CRAIN, Judge.
This is an appeal of a judgment awarding sole custody of two children of the marriage to the father.

FACTS
Susan Freiler and Sibley Walton Thompson, Jr., were married on May 25, 1972. Two children were born of this marriage; Sibley Walton Thompson, III, born August 27, 1974, and Tiffany Brooke Thompson, bom August 1, 1980.
On July 16, 1987, Susan Freiler Thompson filed a petition of separation. She was awarded provisional custody of the children. She retained custody of the children until January 15, 1988, when the court awarded provisional custody of the children to Sibley Walton Thompson, Jr. On January 15, 1988, Sibley Walton Thompson, Jr., filed a petition for divorce alleging that Susan Freiler Thompson had committed adultery for an extended period of time with Lawrence Wayne Shelton, her brother-in-law from a marriage with Sibley Walton Thompson, Jr's. sister, Carolyn Thompson Shelton. He further alleged that Lawrence Wayne Shelton had made sexual advances toward his own daughter, Paula Shelton.
On January 26, 1988, a judgment of divorce on the grounds of adultery was awarded to Sibley Walton Thompson, Jr.
On July 19, 1988, Susan Freiler Thompson married Lawrence Wayne Shelton, who had in the meantime obtained a divorce from his wife, Carolyn Thompson Shelton.
On February 15, 1989, the trial court heard the custody case and awarded sole custody of the two children to Sibley Walton Thompson, Jr., with limited visitation in favor of Susan Freiler Thompson Shelton.
Susan Freiler Thompson Shelton appeals the judgment of the trial court.
The issues for review are whether the trial court erred in awarding sole custody of the two children to the appellee; whether the trial court erred in restricting the visitation privileges awarded the appellant; whether the trial court erred in utilizing a preponderance of the evidence standard instead of a clear and convincing standard.

ANALYSIS
In its reasons for judgment, the trial court states that "it is satisfied that it has been proven, at least by a preponderance of the evidence, ... that Mr. Shelton did on several occasions act in a highly inappropriate manner towards Paula." The appellant argues that the trial court erred in using a "preponderance of the evidence" standard and should have used a "clear and convincing" standard.
As stated by the Louisiana Supreme Court in Succession of Lyons, 452 So.2d 1161, 1165 (La.1984):
The traditional measure of persuasion in civil cases is a preponderance of the evidence, but there are a limited number of claims and contentions governed by an intermediate standard, usually termed "clear and convincing evidence."
Generally, this third burden of proof requires more than a "preponderance of the evidence" but less than "beyond a reasonable doubt". The existence of the disputed fact must be highly probable, that is, much more probable than its non-existence.... This standard is usually employed "where there is thought to be special danger of deception, or where the court considers that the particular type of claim should be disfavored on policy grounds." (citations omitted)
La.C.C. art. 147 restricts visitation by a parent upon proof of sexual abuse by a preponderance of the evidence. Although we are dealing with visitation that has been restricted to a mother because of her spouse's alleged improprieties with his own child and not the children in question, the appellant presents and we find no reason to apply a more stringent standard. This assignment lacks merit.
The appellant assigns as error the award of sole custody to the appellee.
*6 La.C.C. art. 146 provides a rebuttable presumption that joint custody is in the best interest of the child. This presumption may be rebutted by showing that it is not in the best interest of the child.
The sole criterion in child custody cases is best interest of the child. Steagall v. Steagall, 442 So.2d 732 (La.App. 1st Cir. 1983). The determination of the trial court in custody determinations shall not be overturned absent a clear abuse of discretion. Bordelon v. Bordelon, 390 So.2d 1325 (La. 1980).
The trial court heard testimony from all parties and witnesses and a psychologist appointed by the court in making his determination as to custody. The trial court determined that Susan Freiler Thompson Shelton's husband had acted in a sexually inappropriate manner with his own child. This is a finding of fact by the trial court and will not be disturbed absent manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). We find no such error.
In Steagall v. Steagall, supra, the sexual misconduct of a stepfather with his stepdaughter was sufficient reason to rebut the presumption of joint custody as provided in La.C.C. art. 146. Regarding both of the children in the present case, we find that the sexual misconduct of the stepfather with his own child is sufficient reason to rebut the presumption of joint custody in La.C.C. art. 146.
The appellant argues that the evidence does not support the award of sole custody of their son, Sibley Walton Thompson, III, to the appellee. We find that the record does not support separating the children into different households and find no abuse of discretion on the part of the trial judge in awarding sole custody of both children to the father.
The appellant next argues that the trial judge erred by restricting her visitation. The trial judge awarded the appellant visitation but required these visits be outside the presence of her husband, Wayne Shelton.
Visitation is an adjunctive custodial relationship, the control of which lies in the discretion of the trial court. The decision of the trial judge as to visitation privileges will not be disturbed absent an abuse of discretion. Steagall v. Steagall, 442 So.2d at 735. We find no abuse of discretion on the part of the trial court.
The appellee, in his answer to appeal, assigns as error the failure of the trial court to order the appellant to pay child support.
The trial court is given much discretion in granting or modifying child support and his judgment will not be disturbed absent an abuse of discretion. Durbin v. Durbin, 424 So.2d 1130 (La.App. 1st Cir. 1982).
The trial court found that the appellant did not have the capacity to contribute to the support of the children at the present time. She was not working and has not worked during her marriage to the appellee or to her present husband, Wayne Shelton. The court noted that should she go to work, the court could order some type of support. We find no abuse of discretion.
The judgment of the trial court is affirmed. All costs of this appeal are assessed against the appellant.
AFFIRMED.